TOMÁS APONTE SUTTON ET AL., demandantes y recurridos, *v.* PUERTO RICO TELEPHONE CO., demandada y peticionaria.

*Número:* O-80-672        *Resuelto:* 29 de enero de 1981

*Cancio, Nadal & Rivera* y *Ana Matilde Nin Torregrosa,* abogados de dicha Asociación; *Rafael Rodríguez Journet,* abogado de la parte recurrida.

PER CURIAM: En trámite post sentencia dictada por estipulación, la parte actora, Tomás Aponte Sutton, obtuvo orden del tribunal (Ismael O'Neill Rosa, J.), que dispone el embargo de los activos y fondos de la recurrente, Asociación de Garantía de Seguros Misceláneos. No conforme dicha entidad acudió ante nos y en vista del mérito de la cuestión envuelta, concedimos término al recurrido Aponte Sutton para que compareciera a mostrar causa por la cual no deberíamos revocar dicho dictamen.

El examen de los propósitos y motivos de la Ley Núm. 134 de 23 de julio de 1974 —creadora de la Asociación de Garantías de Seguros Misceláneos, 26 L.P.R.A. sec. 3806 *et seq.*— y su dinámica operacional nos mueve a concluir que los fondos y activos de esa entidad, como regla general, no están expuestos a trámite de embargo alguno, según se desprende de lo dispuesto en el Art. 40.130 del Código de Seguros, a saber, "[e]n el curso del procedimiento de cobro en Puerto Rico o en cualquier estado recíproco, no se entablará ni mantendrá en el Tribunal de Puerto Rico ninguna acción o procedimiento de la naturaleza de embargo, orden para prohibir el uso, o de ejecución contra el asegurador deudor o su activo. Cualquier gravamen obtenido mediante tal acción o procedimiento dentro de los cuatro meses anteriores a la iniciación de un procedimiento de cobro, o en cualquier fecha posterior, será nulo en cuanto a los derechos que surjan en dicho procedimiento de cobro", 26 L.P.R.A. sec. 4013. Adviértase que este precepto resulta aplicable a los trámites de la Asociación en virtud de significado estatutario de "procedimiento de cobro", esto es,

". . . cualquier procedimiento que se entable contra un asegurador con el fin de *liquidar*, rehabilitar, reorganizar o conservar al mismo". (Bastardillas nuestras.) 26 L.P.R.A. sec. 4007(2). Véase *Caribbean Insurance Co.* v. *Tribunal Superior*, 98 D.P.R. 919, 923 (1970). Dentro del diseño estatutario que nos ocupa, la Asociación sustituye al asegurador-deudor y queda cobijada por esta prohibición legal.

Independientemente de lo expuesto, acceder a lo solicitado por el recurrido Aponte Sutton sería ir contra la política pública establecida por la Asamblea Legislativa, pues ello mermaría los fondos disponibles en beneficio de unos pocos y en detrimento de la mayoría de los reclamantes, en particular aquellos grupos de personas, tales como viudas necesitadas, menores de edad e incapacitados a las cuales el Legislador les otorgó prioridad para el pago. Propiciaría ante los tribunales una carrera y pugna de acreedores interesados en cobrar, mediante embargos, sus respectivos créditos, destruyéndose así el ordenado desembolso de pagos y de prioridades contemplado en el *Plan de Pago para la Liquidación de Reclamaciones contra la Commonwealth Ins. Co.* establecido por la Asociación y aprobado por el Comisionado de Seguros.

*Se expide el auto solicitado y se revoca la resolución de 28 de octubre de 1980. Se ordena al foro de instancia que adopte las medidas tendentes a recobrar los fondos en cuestión.*

El Juez Asociado Señor Díaz Cruz no intervino.