Arbona Lago, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Resolvemos que los intereses post sentencia de la Regla 44.3(a) acrecen y forman parte integrante de toda sentencia y pueden ser recobrados, al igual que el principal, aunque no se mencionen específicamente en el dictamen. Luego de la enmienda de la Ley Núm. 78, de 11 de julio de 1988 y de entrar en vigor el Reglamento Núm. 78-1 de la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras, 7 L.P.R.A. 2001-2020, se requiere que en toda sentencia se consigne la tasa correspondiente y ello se puede hacer vía enmienda "nunc pro tune", al amparo de la Regla 49.1 de Procedimiento Civil de 1979, en cualquier momento luego del dictamen. Resolvemos además que la Asociación de Garantía de Seguros Misceláneos, creada al amparo de la Ley Núm. 134 de 23 de julio de 1974, 26 L.P.R.A. 3806 et. seq., no puede pagar el principal de la sentencia y negarse al abono de sus intereses post sentencia. Tales intereses son parte integrante de la sentencia y la Asociación viene obligada a su pronto pago, hasta el monto conjunto de $149,900 neto; cualquier exceso será atendido en la liquidación final del asegurador insolvente, a cargo del Comisionado de Seguros. Instancia viene obligado a ordenar al Presidente de la Junta de Directores de la Asociación incluir tal partida en la próxima derrama, si es que la situación financiera actual de la Asociación fuese tan precaria, que no pudiese solventar los intereses que nos ocupan.
Antecedentes
El 6 de diciembre de 1989 ocurrió un accidente automovilístico en el Km. 55.3 de la Carretera Núm. 2, en el cual la co-demandante, Sra. Rosa Avilés Martínez, recibió daños de consideración. El accidente se debió a que el co-demandado, Sr. Samuel Otero Carmona, conduciendo con autorización un vehículo propiedad de la co-demandada Hudson Electroplating, invadió el carril contrario e impactó frontalmente el vehículo en que viajaba la Sra. Avilés Martínez.
El vehículo de Hudson Electroplating estaba asegurado por la Corporación Insular de Seguros.
El 4 de octubre de 1990 se radicó ante instancia el litigio de epígrafe, el cual quedó identificado con el número de causa civil CS-90-2036, del Tribunal Superior, Sala de Arecibo. En la conferencia preliminar al juicio, celebrada el 23 de mayo de 1991, la parte demandada aceptó la negligencia. Los días 21 de febrero y 6 de marzo de 1992 se ventiló la prueba de daños.
El ilustrado Tribunal de Instancia dictó sentencia el 30 de octubre de 1992, cuya parte dispositiva *1264 lee de la siguiente forma:

"SENTENCIA

Por los fundamentos anteriores, se declara con lugar la demanda. En consecuencia, se condena a la parte demandada solidariamente a satisfacer a los demandantes la cantidad total de $74,361.60, desglosada de la siguiente manera: a la demandante Rosa Avilés Martínez, luego de deducidos los $3,000.00 de la ACAA, la cantidad de $47,500.00, por sus daños físicos, y $15,000.00 por sus angustias y sufrimientos mentales; al co-demandante Samuel Otero Carmona la suma de $9,500.00 por sus angustias y sufrimientos'-y $2,361.60 á la sociedad legal de gananciales correspondientes a su pérdida económica para los años 1991 y 1992; más las costas y gastos del litigio. Por haber aceptado la parte demandada la negligencia en etapa temprana del procedimiento, no se imponen honorarios de abogado."
El dictamen del 30 de octubre de 1992 fue archivado en autos el 16 de noviembre de 1992 y en esa misma fecha ello se notificó á las partes en forma correcta, utilizando el formato;OAT-704.
II
La sentencia fue objeto de mociones al amparo de las Reglas 43.3 y 47 de Procedimiento Civil vigente, que fueron resueltas en Resolución del 7 de octubre de 1993, la que no fue objeto de archivo en autos y notificación como lo requiere la Regla 43.4 de Procedimiento Civil, Sánchez v. Municipio, 94 D.P.R. 92, López v. A.F.F., 89 D.P.R. 414, por lo que no advino final y firme. Luego de tal enmienda la parte dispositiva de la sentencia dispone de la siguiente manera: 

"SENTENCIA

Por los fundamentos anteriores, se declara con lugar la demanda. En consecuencia, se condena a la parte demandada solidariamente a satisfacer a los demandantes la cantidad total de $74,361.60, desglosada de la siguiente manera: a la demandante Rosa Avilés Martínez, luego de deducidos los $3,000.00 de la ACCA, la cantidad de $47,500.00, por sus daños físicos, y 15,800.00 por sus angustias y sufrimientos mentales; al co-demandante Samuel Otero Carmona la suma de $9,500.00 por sus angustias y sufrimientos y $2,361.60 a la sociedad legal de gananciales correspondientes a su pérdida económica para los años 1991 y 1992; más las costas y gastos del litigio. Dichas cuantías devengarán intereses al 7.5 por ciento desde la presentación de la demanda. Por haber aceptado la parte demandada la negligencia en etapa temprana del procedimiento, no se imponen honorarios de abogado." (Enfasis suplido).
Interim la sentencia del 30 de octubre de 1992, notificada el 16 de noviembre de igual año y la "sentencia enmendada" vía la Resolución del 7 de octubre de 1993, la co-demandada Corporación Insular de Seguros fue intervenida por el Comisionado de Seguros el 21 de diciembre de 1992 y ordenada su liquidación, lo que conforme a derecho corresponde en parte a la Asociación de Garantía de Seguros Misceláneos (la Asociación).
El 25 de mayo de 1994 la Asociación compareció en autos y depositó en Instancia la suma de $74,261.60, mediante su cheque núm. 001367. 
Controversia ante nos
Los demandantes solicitaron, vía pago suplementario, el abono de los intereses a rítóólí dél 7.5% anual desde la radicación de la demanda, el 4 de octubre de 1979, hasta el depósito del 25 de mayo de 1994.
La Asociación presentó oposición aduciendo que la aseguradora no incurrió en temeridad y que en todo caso no viene obligada a responder por cualquier temeridad de una aseguradora intervenida; pues tal partida no queda comprendida en la cubierta de seguro y por tanto no constituye parte de ja "reclamación cubierta" al amparo de la ley que le obliga a pagar hasta la suma de $149,900, netos, 26 L.P.R.A. 3805(6) y 3808 (l)(a)(3).
*1265 El asunto fue planteado ante Instancia, donde mediante resolución y orden del 15 de agosto de 1995 se resolvió como sigue:
"Vista la Moción Solicitando Ejecución de Sentencia y su Oposición y Réplica, el Tribunal entiende que le asiste la razón a la Asociación de Garantía de Seguros Misceláneos, solamente en cuanto a su alegación de que los fondos de ella no pueden ser embargados. Por lo tanto, se reconsidera nuestra orden del 11 de julio de 1995 y declara No Ha Lugar la Moción Solicitando Ejecución de Sentencia.

La parte demandante deberá esperar a que el Administrador Liquidador distribuya los activos de la Corporación Insular de Seguros, de donde podría tratar de cobrar la porción de su reclamación no cubierta por la Asociación."

De tal disposición se recurre vía el certiorari de epígrafe. El 6 de noviembre de 1995 dictamos orden para mostrar causa por la cual no debamos expedir para disponer que la Asociación pagase también el 7.5% anual sobre los $74,361.60 desde la presentación de la demanda el 4 de octubre de 1990 hasta la fecha de pago o consignación, no excediendo de $149,900, límite máximo de la Asociación.
La Asociación ha comparecido y estamos preparados para resolver.
Marco legal
La Regla 44.3 de Procedimiento Civil vigente, dispone:

"Interés Legal

(a) Se incluirán intereses al tipo que fije por reglamento la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras y que esté en vigor al momento de dictarse la sentencia, en toda sentencia que ordena el pago de dinero, a computarse sobre la cuantía de la sentencia desde la fecha en que se dictó la sentencia y hasta que ésta sea satisfecha incluyendo costas y honorarios de abogado. El tipo de interés se hará constar en la sentencia.

La Junta fijará y revisará periódicamente la tasa de interés por sentencia tomando en consideración el movimiento en el mercado y con el objetivo de desalentar la radicación de demandas frívolas, evitar la posposición irrazonable en el cumplimiento de las obligaciones existentes y estimular el pago de las sentencias en el menor tiempo posible.

(b) El tribunal también impondrá a la parte que haya procedido con temeridad el pago de interés al tipo que haya fijado la Junta en virtud del inciso (a) de esta sección y que esté en vigor al momento de dictarse la sentencia desde que haya surgido la causa de acción en todo caso de cobro de dinero y desde la radicación de la desnuda, en caso de daños y perjuicios, y hasta la fecha en que se dicte sentencia a computarse sobre la cuantía de la sentencia, excepto cuando la parte demandada sea el Estado Libre Asociado de Puerto Rico, sus municipios, agencias, instrumentalidades o funcionarios en su carácter oficial. El tipo de interés se hará constar en la sentencia. -Enmendada en Julio 6, 1985, Núm. 82, p. 284, art. 1, ef. Julio 6, 1985; Julio 11, 1988, Núm. 78, p. 360, art. 1."

El Capítulo 40 de la Ley de Seguros, Rehabilitación y Liquidación de Aseguradores, según enmendado en Agosto 17, 1991, dispone:

"Embargo, incautación y mandamiento de ejecución

Mientras esté pendiente en Puerto Rico o en cualquier otro estado un procedimiento de liquidación, denominado de esta manera o no, no se comenzará ni mantendrá en Puerto Rico ninguna acción o procedimiento de la naturaleza de un embargo, incautación o mandamiento de ejecución contra el asegurador o su activo. - Código de Seguros, art. 40.520, adicionado en Agosto 17, 1991, Núm. 72, sec. 1, ef. Agosto 17, 1991, 26L.P.R.A. 4052."

*1266 Dictamen
I
No es necesario atender todos los señalamientos de las partes para resolver esta causa. Específicamente hemos de dejar para otra ocasión resolver si imposición de intereses por temeridad (Regla 44.3(b) de P.C.) es parte reclamable dentro del límite neto de $149,900 de la Asociación. Atender a ello resultaría en una impermisible opinión consultiva, E.L.A. v. Aguayo, 80 D.P.R. 552.
II
Es norma de hermenéutica que la apelación se da contra el dictamen y nunca contra sus fundamentos. Vélez Rodríguez v. Amaro Cora, 140 D.P.R., 1995, 95 J.T.S. 38; Collado v. E.L.A., 98 D.P.R. 111, 114 (1969); Rodríguez v. Serra, 90 D.P.R. 776, 777 (1964); Boulón v. Pérez, 79 D.P.R. 238 (1956); Castro v. Aut. de Transporte, 72 D.P.R. 465, 472 (1951); Sucn. Muñoz v. Cepeda, 72 D.P.R. 593, 607 (1951); Bird v. Bird, 69 D.P.R. 369 (1948); La Torre v. Cruz, 67 D.P.R. 743 (1947). La sentencia del 30 de octubre de 1992 resolvió que no hubo temeridad en el proceso y por tanto nunca entró en juego el postulado de la Regla 44.3(b) de Procedimiento Civil vigente.
Como se sabe, de ordinario toda sentencia devenga el interés reglamentario desde la fecha de su dictamen hasta su pago y finiquito, Regla 44.3(a), Ins. Co. of P.R. v. Tribunal Superior, 100 D.P.R. 405, p. 410. La tasa de dicha partida se enuncia cada 6 meses, conforme dispone el Reglamento 78-1 de la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras, creada al amparo de la Ley Núm. 78 de 11 de julio de 1988, 7 L.P.R.A. 2001 y para la fecha de la sentencia, 30 de octubre de 1992, estaba fijada en 7.5% anual. Tal tasa queda permanente e invariable en el dictamen hasta su total pago.
Lo único que le hacía falta a la sentencia del 30 de octubre de 1992 era fijar la tasa de interés legal, al amparo de la Regla 44.3(a), pues se trata de un componente automático de la sentencia que antes del Reglamento 78-1 era invariable por ley.
Por lo tanto, se trataba de una enmienda a la sentencia "nunc pro tune" para corregir un mero error o inadvertencia de forma en una sentencia dictada, Ins. Co. of P.R. v. Tribunal Superior, supra, p. 410; Security Ins. Co. v. Tribunal Superior, 101 D.P.R. 191; para aclarar cuál es la tasa de interés que gobernará el dictamen, desde la fecha de su emisión hasta su pago total.
Esa otra parte de la sentencia enmendada el 7 de octubre de 1993, que fija el cómputo de la tasa de interés a partir de "la presentación de la demanda" (énfasis suplido) es una mera inadvertencia u omisión del ilustrado Tribunal de Instancia, muy entendible si se conoce lo abrumado de trabajo que se encuentra todo el Tribunal de Primera Instancia y el esfuerzo agotador que cuesta mantener a flote la sala de Instancia ante el torrente litigioso. Resulta evidente que no se puede ser responsable del interés legal, desde la radicación de la demanda, en un pleito en reclamo de daños y perjuicios según lo impone la Regla 44.3(b), cuando no se es temerario. Por tal razón, no se impusieron honorarios de abogado. No existe en autos duda de que Instancia no encontró temeridad en la defensa de acción.
Los intereses post sentencia de la Regla 44.3(a), al igual que las costas de la Regla 44.1, ambos de Procedimiento Civil, de ordinario, favorecen en forma automática a la parte que prevalece. Los intereses de mora e intereses desde la radicación de la acción judicial requieren de previa adjudicación de temeridad, en forma explícita o implícita. Lameiro v. Dávila, 103 D.P.R. 834.
"Tan imperativa es la condena de intereses desde que se presenta la demanda cuando la parte ha sido temeraria, como lo es la condena de intereses desde que se dicta sentencia cuando la parte no ha sido temeraria." Insurance Co. of P.R. v. Tribunal Superior, 100 D.P.R. 405, 411.
"[L]os únicos intereses que forman parte integrante de la sentencia y pueden ser recobrados aun cuando no se mencionen en la misma, son los que se devengan a partir de la fecha en que ésta se dicta, porque deben ser considerados automáticamente como parte de la sentencia, por mandato de ley". Insurance Co. of P.R. v. Tribunal Superior, supra, p. 410, citando de P.R. & American Ins. Co. v. Tribunal Superior, 84 D.P.R. 621."
*1267 Como señaláramos, en caso de que la Resolución del 7 de octubre de 1993 no se considerare una de naturaleza "nunc pro tune" el hecho de que nunca fue notificada conforme requiere la Regla 43.4 de Procedimiento Civil, significa que ello nunca advino final y firme, antes de que se apelare de su contenido, por lo que también contamos con jurisdicción para entender en ello.
Se deja sin efecto lo resuelto el 15 de agosto de 1995 y se enmienda la sentencia para que lea de la siguiente forma:

"SENTENCIA

Por los fundamentos anteriores, se declara con lugar la demanda. En consecuencia, se condena a la parte demandada solidariamente a satisfacer a los demandantes la cantidad total de $74,361.60, desglosada de la siguiente manera: a la demandante Rosa Avilés Martínez, luego de deducidos los $3,000 de la ACAA, la cantidad de $47,500 por sus daños físicos y $15,000 por sus angustias y sufrimientos mentales; al co-demandante Samuel Otero Carmona la suma de $9,500 por sus angustias y sufrimientos y $2,361.60 a la sociedad legal de gananciales correspondientes a su pérdida económica para los años 1991 y 1992; más las costas y gastos del litigio. Dichas cuantías devengarán intereses a sentencia el 30 de octubre de 1992 hasta el depósito de $74,361.60 en 25 de mayo de 1994. Por haber aceptado la parte demandada la negligencia en etapa temprana del procedimiento, no se imponen honorarios de abogado."

III
Apunta la Asociación que bajo la protección del anterior Artículo 40.130 del Código de Seguros (26 L.P.R.A. 4013), ahora art. 40.450t 26 L.P.R.A. 4052, antes citado, la Asociación está exenta de embargo, conforme se reconoce en Aponte Sutton v. P.R. Tel. Co., 110 D.P.R. 650.
No es necesario incursionar extensamente en tal planteamiento. Basta aquí señalar que aquí no se pone en peligro, ni tan siquiera se afecta, la liquidación de la Corporación Insular de Seguros a cargo del Comisionado de Seguros. Tampoco se amenaza la solvencia de la Asociación, vía el acopio de fondos mediante derramas de aseguradoras participantes. El monto de intereses post sentencia es cantidad módica para las finanzas de la Asociación de Garantía y tal partida forma parte integrante de la sentencia, de cuyo monto ya depositó su principal.
Es norma de sabia hermenéutica que siempre se ha de evitar que se produzcan decisiones en el vacío, en el abstracto o bajo hipótesis de índole especulativa, Comisión v. Sec. de Justicia, 109 D.P.R. 715, p. 721. Debe adoptarse una interpretación sensata, lógica y razonable de la ley, de suerte que se haga valer la intención del legislador, Gobernador v. Alcalde de Coamo, 92 J.T.S. 125, p. 9951.
"Dicha conclusión es cónsona con el principio cardinal de hermenéutica legal que al interpretar una ley, deberá siempre atribuírsele el sentido que mejor responda a la realización del resultado que persigue". González v. E.L.A., 95 J.T.S. 52.
IV
No anticipamos que la Asociación ha de incumplir voluntariamente con una disposición judicial. Por lo tanto, partimos de la premisa que una vez resuelto en forma final lo que queda en litigio, la Asociación cubrirá prontamente cualquier deficiencia en el pago de la sentencia que nos ocupa hasta el monto de $149,900. No obstante, en caso contrario, sería anatema a un saludable sistema judicial dejar desprovisto de viabilidad concreta a un dictamen judicial. Librotex v. A.A.A., 95 J.T.S. 106. Entendemos que a la fecha de 25 de mayo de 1994, cuando la Asociación depositó en corte el principal de la sentencia; menos el deducible de $100 ($74,261.60), debió también incluir los intereses impuestos por la Regla 44.3(a) que alcanzan a $8,741.21 ($74,261.60 X.075% X 18 meses 25 días).
Una vez la presente advenga final y firme se devolverá el mandato al Tribunal de Instancia, quien estará facultado para proceder conforme dispone la Regla 51 de Procedimiento Civil vigente, en ejecución de sentencia, directamente contra la Asociación, si ésta no abona en corto plazo los intereses que forman parte de la sentencia, hasta suma que en conjunto no exceda de $149,900. Entendemos que una orden dirigida al Presidente de la Junta de Directores de la Asociación para que dicho monto se incluya en la inmediata derrama es suficiente, no siendo necesario secuestrar fondos vía embargo.
*1268 Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 321
1. En la Resolución se identifica erróneamente la Regla 43.3 como 43.4, se aceptan nuevas determinaciones de hechos y se deniega la reconsideración de la cuantía concedida mi daños. Luego se enmienda el dictamen en cuanto a intereses.
2. En lo único que varía la sentencia es lo enfatizado en negrillas, que se añade.
3. Del monto total de principal ascendente a $74,361.60 dedujo $100 conforme dispone 26 L.P.R.A. 3805(6). En el escrito para mostrar causa presentado el 30- de noviembre de 1995 por la Asociación, a la pág. 3, inadvertidamente señala que consignó $74,361.60 porque el principal de la sentencia alcanzó a $74,461.60.