CONCHITA CUCHI COLL DE CARLO, demandante y recurrente, *v.* GOBIERNO DE LA CAPITAL, representado por su Alcaldesa FELISA RINCÓN DE GAUTIER y CONSOLIDATED MUTUAL INSURANCE, demandados y recurridos.

*Número:* R-65-56     *Resuelto:* 30 de junio de 1966

*Eduardo Cuchi Coll,* abogado de la recurrente; *González & Rodrí-guez,* abogados de los recurridos.

Sala Segunda integrada por su Presidente el Juez Asociado Señor Belaval y los Jueces Asociados Señores Hernández Matos, Blanco Lugo y Ramírez Bages.

El Juez Asociado Señor Belaval emitió la opinión del Tribunal.

El 3 de septiembre de 1963, la demandante recurrente sufrió una caída en la acera de la Avenida Muñoz Rivera de Río Piedras, P.R., y, según se alega, por la culpa del Gobierno de la Capital, bajo cuyo control se encuentra la acera donde sufrió la caída la demandante, la demandante recurrente tuvo una fractura del brazo derecho además de otras lesiones que le han incapacitado parcialmente; que cumpliendo con lo dispuesto por el Art. 96, inciso (a) de la Ley Núm. 142 de 21 de julio de 1960, el 13 de abril de 1964, la demandante notificó por escrito a la demandada de su reclamación en este caso, cuya notificación fue hecha en forma fehaciente con todos los requisitos legales establecidos en dicho Art. 96; incisos (b) y (c); que el día 28 de mayo de 1964 presentó una demanda en daños y perjuicios contra el Gobierno de la Capital.

El Gobierno de la Capital presentó una moción de sentencia sumaria, alegando, que habiendo ocurrido el accidente el día 3 de septiembre de 1963 y habiéndosele notificado dicho accidente el 13 de abril de 1964, no se había cumplido con el requisito de notificación escrita al Gobierno de la Capital dentro de los noventa días de ocurrido el accidente, dis-

puesta por la Ley Núm. 142 de 21 de julio de 1960, por lo cual dicha reclamación no es ejercitable. Además de formular la consiguiente oposición a la sentencia sumaria porque la demandante no había tenido conocimiento de dicha fractura hasta el 10 de febrero de 1964, al ser examinada por un facultativo, la demandante solicitó permiso para enmendar las alegaciones de la demanda incluyendo como parte demandada a la aseguradora Consolidated Mutual Insurance Company. Después de radicarse, con permiso del Tribunal, una nueva demanda enmendada, el Gobierno de la Capital reprodujo su misma solicitud de sentencia sumaria contra la demanda enmendada. Por otro lado, y después de algunas mociones para evitar la rebeldía, la Consolidated Mutual Insurance Company también presentó moción de sentencia sumaria, por el mismo fundamento de la notificación al Gobierno de la Capital fuera de término.

La ilustrada Sala sentenciadora dictó sentencia en contra de la demandante recurrente por el siguiente fundamento. "De la faz de la demanda y de las argumentaciones de los abogados, así como de la evidencia presentada se desprende que la demandante no cumplió con la Ley sobre notificación a los municipios. . . . Dicha demanda enmendada, además, no aduce hechos constitutivos de una causa de acción contra la co-demandada, Consolidated Mutual Insurance Company. Procede, por lo tanto, que se dicte sentencia sumaria desestimando la demanda enmendada del epígrafe."

En su revisión ante nos la demandante recurrente señala dos errores: (1) erró la ilustrada Sala sentenciadora al declarar que la demandante no cumplió con la Ley sobre notificación a la corporación municipal dentro de los noventa días siguientes a la fecha del accidente, ni los daños sufridos, la cuantía de la compensación etc.; (2) erró además al declarar que la demanda enmendada no aducía hechos constitutivos de una causa de acción contra la demandada Consolidated Mutual Insurance Company.

■ 1–2. No estamos tan seguros que debamos aplicar nuestra anterior jurisprudencia sobre la fecha en que realmente se supo el carácter o la extensión del daño, como la fecha para empezar a contar los noventa días en que debe notificarse a cualquier gobierno municipal o al Gobierno de la Capital la descripción del accidente y su causa, la cuantía de la compensación monetaria o el tipo de remedio adeudado al daño sufrido, requeridos por la Ley Núm. 142 de 21 de julio de 1960. Ahora bien, como se trata de una sentencia sumaria, entendemos que resulta más conveniente a los buenos fines de la justicia, dejar sin efecto el pronunciamiento de la ilustrada Sala sentenciadora, para darle una oportunidad a la demandante de presentar su prueba sobre cualesquiera circunstancias contrarias a la regla general que ameriten una excepción a nuestra manera de entender o interpretar dicha prohibición, dejando la solución de la cuestión jurídica para resolverla después de haberse recibido toda la prueba que ambas partes interesen presentar.

■ Ahora bien, en cuanto al segundo pronunciamiento de la sentencia, en el sentido, que la falta de notificación a la corporación municipal exime de responsabilidad a la aseguradora, el mismo es claramente erróneo. Para entenderlo así sólo tendremos que referirnos a nuestra decisión en el caso de *García* v. *Northern Assurance Co.*, 92 D.P.R. 245 (Dávila) (1965), cita precisa a la pág. 256, en la cual, contrastando las disposiciones del Art. 96(a) de la Ley Núm. 142 de 21 de julio de 1960 con las disposiciones del Art. 20.030 del Código de Seguros de 1957 nuestro, establecimos la regla que: "El requisito de notificar dentro de los noventa días de ocurrido el accidente como condición previa a la radicación de una demanda contra un gobierno municipal es de cumplimiento indispensable y de efectos impedientes. . . . Si no se notifica, no puede ejercitarse la acción contra el municipio, pero nada impide que se ejerza contra una compañía aseguradora por tratarse de la acción

directa contra ésta. A la compañía aseguradora no le aprovecha la disposición mencionada de la Ley Municipal, que en efecto es únicamente una condición para el ejercicio de la acción contra el municipio."

*Debe revocarse la sentencia sumaria dictada el 25 de febrero de 1965 por la Sala de San Juan del Tribunal Superior de Puerto Rico y devolverse el caso para ulteriores procedimientos no incompatibles con esta opinión.*

El Juez Asociado Señor Blanco Lugo concurre con el resultado.