INSURANCE COMPANY OF PUERTO RICO, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE CAGUAS, HON. JUAN C. SANTIAGO MATOS, JUEZ, demandado; PRIMITIVO CARATINI, interventor.

*Número:* 0-71-67          *Resuelto:* 18 de febrero de 1972

406

*Jaime A. García Blanco* y *Octavio San Miguel Griffo,* abogados de la peticionaria; *Justino Ferrer Muñoz,* abogado del interventor.

El Juez Asociado Señor Rigau emitió la opinión del Tribunal.

Se trata de una acción de daños y perjuicios por negligencia, instada en 6 de junio de 1968, contra el Municipio de Cidra, la cual fue declarada con lugar en 24 de junio de 1970, condenando a la parte demandada al pago de $3,000.00 por daños, más $500.00 por honorarios de abogado. A una solicitud de revisión presentada por la aseguradora del Municipio ante este Tribunal resolvimos no haber lugar en 15 de octubre de 1970.

Cinco días después la parte demandante solicitó del tribunal de instancia que conforme a lo provisto en la Regla 44.4(e), de las de Procedimiento Civil, ordenase a la parte demandada a satisfacerle intereses desde la fecha en que instó la demanda hasta la fecha en que la sentencia fuese satisfecha.

La aseguradora del Municipio se opuso a dicha solicitud por entender que una vez la sentencia advino final y firme el tribunal no podía incluir en la misma intereses por temeridad, pero estuvo conforme con su obligación de satisfacer intereses a partir de la fecha en que se dictó la sentencia. El tribunal sentenciador resolvió la cuestión contra la aseguradora del Municipio y a su solicitud expedimos *certiorari* para revisar dicha actuación.

La antes citada Regla 44.4(e) dispone como sigue:

"El Tribunal también impondrá a la parte que haya procedido con temeridad el pago de interés legal desde que haya surgido la causa de acción en todo caso de cobro de dinero y desde la radicación de la demanda, en casos de daños y perjuicios, a computarse sobre la cuantía de la sentencia, excepto cuando la parte demandada sea el Estado Libre Asociado de Puerto Rico, sus agencias, las corporaciones públicas, o los municipios de Puerto Rico, disponiéndose que las disposiciones de este inciso solamente serán aplicables a las causas de acción que surgieren con posterioridad a la fecha de su aprobación [26 de mayo de 1967]."

La inmunidad que dicha Regla 44.4(e) confiere a los

Municipios y que igualmente les confiere la Ley Municipal(¹) no está disponible a la peticionaria por las siguientes razones.

La responsabilidad de un asegurador bajo una póliza de seguro cubriendo daños y perjuicios es directa, sustantiva y absoluta para con las personas con derecho a recobrar daños. 26 L.P.R.A. secs. 2001, 2003; *Trigo* v. *The Travelers Ins. Co.,* 91 D.P.R. 868, 874 (1965). En consecuencia, la acción contra el asegurador es directa, distinta y separada de la acción contra el asegurado y el asegurador está impedido de interponer las defensas personales o privativas del asegurado, *García* v. *Northern Assurance Co.,* 92 D.P.R. 245, 254 (1965). Esta doctrina ha sido aplicada aun cuando el Municipio asegurado ha levantado la defensa oportunamente. La defensa libera al Municipio mas no al asegurador. *Cuchi Coll* v. *Gobierno de la Capital,* 93 D.P.R. 734, 737 (1966); *Ortiz* v. *Gobierno Municipal de Ponce,* 94 D.P.R. 472, 476 (1967); *Insurance Co. of P.R.* v. *Ruiz,* 96 D.P.R. 175, 179 (1968). En este último caso expresamos que "[e]stas condiciones limitativas del derecho de las personas a solicitar reparación deben interpretarse restrictivamente."

A tenor con lo anterior, la peticionaria no podía levantar la defensa de inmunidad gubernamental en cuanto a intereses por temeridad que el propio Municipio, única parte con derecho a oponerla, no levantó.(²)

La segunda razón por la cual la defensa de inmunidad gubernamental no está disponible a la peticionaria es que el propio Código de Seguros expresamente le niega esta defensa al requerir que en toda póliza de seguros cubriendo el riesgo de daños y perjuicios del Estado, de los municipios y de otras dependencias, se disponga que "el asegurador no podrá aducir la defensa de inmunidad gubernamental en ninguna acción in-

---

(¹)Art. 96-C de la Ley Municipal, Ley Núm. 142 de 21 julio 1960, adicionado por la Ley Núm. 119 de 24 junio 1966; 21 L.P.R.A. sec. 1603c.

(²) Estas defensas tampoco pueden ser levantadas por primera vez en apelación, *Insurance Co. of P.R.* v. *Ruiz,* supra, a la pág. 180.

coada contra el asegurador con arreglo a dicha póliza o en virtud de la misma." 26 L.P.R.A. sec. 2004.

En *Pérez* v. *Maryland Casualty Co.*, 78 D.P.R. 475, 482 (1955), resolvimos que una cláusula como la requerida por el Código equivale a imponer al asegurador la misma índole de responsabilidad que la que tendría si el asegurado no fuese el Gobierno sino una entidad privada no inmune. Toda persona o entidad litigante está sujeta a la imposición de intereses por temeridad excepto las entidades gubernamentales inmunizadas por las leyes. ([3]) Cabe observar que en acciones contra asegurados la parte realmente interesada en litigar la responsabilidad del demandado generalmente es el asegurador que cubre el riesgo y es éste el que decide si litigar o transigir la reclamación. No sería justo que un asegurador del Gobierno obligara temerariamente a un reclamante a litigar y que luego pudiera invocar la inmunidad gubernamental para escudarse de las consecuencias de dicha temeridad.

En relación con los intereses acumulados desde *que se dictó* la sentencia, la peticionaria admite su obligación e informa haberlos satisfecho. Estos intereses proceden como cuestión de ley, 32 L.P.R.A. sec. 1473; *P.R. & Ame. Ins. Co.* v. *Tribunal Superior*, 84 D.P.R. 621 (1962); *Zequeira* v. *C.R.U.V.*, 95 D.P.R. 738 (1967), y no son contrarios a las leyes de inmunidad gubernamental, 32 L.P.R.A. sec. 3083; 21 L.P.R.A. sec. 1603c.

La peticionaria objeta a los intereses por el período desde que se presentó la demanda hasta que se dictó sentencia, los cuales, conforme a la Regla 44.4(e), el tribunal "impondrá a la parte que haya procedido con temeridad."

Al serle impuesta por el tribunal la condena de honorarios de abogado a la peticionaria, dicha imposición constituyó una determinación implícita de temeridad. *Sucn. Arroyo* v. *Mu-*

---

([3]) Esta inmunidad fue denegada aun a una entidad creada por ley (Seguro de Café del ELA), cuyos poderes y facultades fueron traspasados al Secretario de Agricultura. *Pons* v. *Rivera Santos*, 85 D.P.R. 524, 541–542 (1962).

*nicipio*, 81 D.P.R. 434, 435 (1959); *Montañez Cruz* v. *Metropolitan Cons. Corp.*, 87 D.P.R. 38, 40 (1962).

Aduce la peticionaria, sin embargo, que no obstante esa determinación implícita de temeridad, el tribunal no podía enmendar su sentencia, que había advenido final y firme, para incluir los intereses que tal determinación conllevaba, por no estar dicha actuación autorizada por ninguna de las reglas procesales y por ser contraria a los casos *P.R. & Ame. Ins. Co.* v. *Tribunal Superior*, supra y *Banco Popular* v. *Tribunal Superior*, 82 D.P.R. 242 (1961).

No se cometió el error. Dispone la Regla 49.1 de las de Procedimiento Civil que los errores que aparezcan en las sentencias "por inadvertencia u omisión, podrán corregirse por el tribunal *en cualquier tiempo*, a su propia iniciativa, o a moción de cualquier parte." (Bastardillas nuestras.)

La situación del caso presente es distinta a la del caso *Banco Popular* v. *Tribunal Superior*, supra. Allí se dijo que la Regla 60 de las del año 1943, equivalente a la actual Regla 49.1, no era de aplicación a dicho caso pues el error corregido no era un mero error clerical o una inadvertencia u omisión del juez, sino que lo que estaba ante él era un problema de derecho que envolvía la interpretación de varios incisos del Art. 8 de la Ley de Alquileres Razonables.

También es distinta a la del caso *P.R. & Ame. Ins. Co.* v. *Tribunal Superior*, supra, donde se dijo que "los únicos intereses que forman parte integrante de la sentencia y pueden ser recobrados aun cuando no se mencionen en la misma, son los que se devengan a partir de la fecha en que ésta se dicta, porque deben ser considerados automáticamente como parte de la sentencia, por mandato de ley." Allí se trataba de intereses de mora, que conforme a la opinión, son de categoría distinta y renunciables si no se apela de la sentencia que los omite. La omisión en el presente caso no envuelve un problema de derecho como el caso *Banco Popular*, supra, ni intereses de

categoría distinta a los que conlleva la sentencia después de dictada.

■ La imposición de intereses en el presente caso es de naturaleza idéntica a la imposición de honorarios de abogado. Ambos proceden cuando la parte perdidosa ha sido temeraria y persiguen idénticos propósitos: disuadir la litigación y alentar las transacciones, mediante sanciones a la parte temeraria que compensen los perjuicios económicos y las molestias producto de su temeridad sufridas por la otra parte.

En relación con honorarios de abogado la regla es al efecto de que cuando el tribunal sentenciador concluye que una parte ha sido temeraria la condena de honorarios de abogado es imperativa. *Castro* v. *Payco, Inc.*, 75 D.P.R. 63, 75 (1953); *Ortiz* v. *Martorell*, 80 D.P.R. 544, 552 (1958); *Montañez Cruz* v. *Metropolitan Cons. Corp.*, 87 D.P.R. 38, 39 (1962); *Maryland Casualty Co.* v. *Tribunal de Distrito*, 72 D.P.R. 686, 688 (1951); *Pereira* v. *I.B.E.C.*, 95 D.P.R. 28, 70 (1967). Igual es la regla en cuanto a intereses. La propia Regla 44.4 (e) no da margen a una regla distinta; dice dicha Regla que el tribunal "impondrá" dichos intereses a la parte que haya procedido con temeridad.

■ Esta regla, desde luego, no es contraria a lo expresado en el caso *P.R. & Ame. Ins. Co.*, supra. Lo que ocurre es que dicho caso fue resuelto en el año 1962 y la Regla 44.4 (e) se incorporó en las Reglas de Procedimiento Civil en el año 1967. Tan imperativa es la condena de intereses desde que se presenta la demanda cuando la parte ha sido temeraria, como lo es la condena de intereses desde que se dicta sentencia cuando la parte no ha sido temeraria.

La cuestión aquí envuelta no es una de derecho sustantivo, como lo era en el caso *Banco Popular*, supra, sino que es una mera omisión o inadvertencia de las cubiertas por la Regla 49.1. En el presente caso la intención del tribunal fue conceder intereses por temeridad según lo refleja su resolución ordenando el pago de los mismos; y conforme a la Regla 49.1,

la omisión de dichos intereses podía ser corregida en cualquier momento.

Se recordará que en el presente caso una solicitud de revisión de la peticionaria fue declarada no ha lugar por este Tribunal. Hay diversos criterios sobre si los tribunales apelados pueden corregir errores después de haberse considerado el caso en apelación pero en Puerto Rico eso no está sujeto a discusión pues nuestra Regla 49.1 expresamente dispone que durante la tramitación de una apelación, podrán corregirse los errores que dicha Regla menciona antes de elevarse el expediente al tribunal de apelación, y que posteriormente sólo podrán corregirse con permiso de dicho Tribunal.

Si bien es cierto que en el caso de autos la corrección se hizo sin el permiso de este Tribunal, también es cierto que nosotros no expedimos el auto de revisión sino que lo declaramos no ha lugar. En casos de revisión el permiso que menciona la Regla 49.1 para casos de apelación solo aplica cuando este Tribunal resuelve entrar en los méritos del caso y expide el auto. Independientemente de lo anterior el presente recurso nos ha brindado la oportunidad de dar nuestra aprobación a la corrección hecha.

Resolvemos, pues, *que el tribunal sentenciador estuvo correcto al fallar que procedían los intereses desde que se presentó la demanda. En consecuencia, se anulará el auto expedido y se confirmará la resolución del Tribunal Superior, Sala de Caguas, de 4 de diciembre de 1970.*

El Juez Presidente, Señor Negrón Fernández, no intervino.