Miranda De Hostos, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Considerado el recurso, se deniega expedir el auto de certiorari, por los siguientes fundamentos.
Nuestro más alto foro en el caso Andrades v. Pizza Hut Mgt. Corp., 141 D.P.R. 121 (1996), expresó que:

“[l]os intereses sobre las costas se pagan a partir de la fecha cuando se dictó la sentencia, y no a partir del día de la presentación de la demanda; ello significa a partir de la fecha en que el tribunal sentenciador fija el monto de las costas. ”

*985 Ante la clara norma jurisprudencial, concluimos que el Tribunal de Primera Instancia, Sala Superior de Humacao, resolvió con corrección jurídica que el ELA había pagado las costas, conforme el ordenamiento procesal civil, al consignar la cantidad de $7,363.01, que fue la cuantía que se computó a partir de la fecha en que se fijó por el tribunal el monto de las costas. Regla 44.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III.
Por último, la alegación de la parte peticionaria Luz E. Fernández, et ais, que el foro de instancia no podía reconsiderar el error de cómputo al fijarse las costas, pues su dictamen previamente sobre tales extremos advino final y firme, no tiene méritos. La Regla 49.1 de Procedimiento Civil, supra, dispone que el tribunal podrá corregir a petición de parte o iniciativa propia cualquier error o defecto en cualquier sentencia, resolución u orden emitida, que no afecte derechos sustanciales de las partes. Se ha reconocido en la jurisprudencia entre los errores de forma que pueden ser corregidos por el tribunal, los cálculos matemáticos o sobre cuantías, que se disponen en las sentencias o resoluciones. Cf. Insurance Co. of P.R. v. Tribunal Superior, 100 D.P.R. 405, 410-412 (1972); 100 D.P.R. 405, 410-412 (1972); Rodríguez v. Tribunal Superior, 102 D.P.R. 290, 293 (1974). Véase además, que la Regla 50 de Procedimiento Civil, supra, autoriza a los tribunales a corregir errores de forma en sus sentencias, resoluciones u órdenes, si éstos no afectan derechos sustanciales de las partes. Alice Alvarez v. Valle Bello, Inc., 111 D.P.R. 847, 853 (1982).
El Tribunal de Primera Instancia, dentro del uso de su discreción y ante el reclamo de que el cómputo que se hizo para determinar los intereses sobre las costas era erróneo, una vez le dio oportunidad a las partes para que expusieran su posición, emitió una resolución corrigiendo el mismo.
El dictamen previo del foro revisado sobre tales extremos, no estaba irremediablemente atado al concepto de finalidad y firmeza, pues por ser el cómputo del pago de intereses sobre las costas un cálculo matemático, estaba sujeto a su corrección. Con más razón, cuando el foro de instancia le garantizó a todas las partes la oportunidad de exponer su posición, antes de emitir su dictamen, corrigiendo el error de cómputo de los intereses sobre costas.
En conclusión, no incidió el Tribunal de Primera Instancia, como cuestión de derecho, al emitir su resolución, corrigiendo el error de cómputo de intereses sobre las costas.
Por los fundamentos que anteceden, se deniega expedir el auto de certiorari, por ser el dictamen del Tribunal de Primera Instancia, conforme a derecho.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General