# 2009 DTA 125

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE SAN JUAN/CAROLINA/UTUADO**
**PANEL V**

CELIA I. LLANOS CALDERÓN
Demandante-Apelante

v.

DEPARTAMENTO DE EDUCACIÓN DE PUERTO RICO;
ESTADO LIBRE ASOCIADO DE PUERTO RICO
Demandado-Apelado

Núm. KLAN-2009-00198

San Juan, Puerto Rico, a 8 de septiembre de 2009

Panel integrado por su Presidente, el Juez Arbona Lago,
el Juez Salas Soler y la Juez Colom García

Arbona Lago, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### Hechos

La Sra. Celia I. Llanos Calderón (Sra. Llanos) comenzó a trabajar en el Departamento de Educación de Puerto Rico (Departamento) allá para el 1971 y en un puesto de carrera. El 16 de enero de 2001 fue nombrada a un puesto de confianza, como Ayudante Especial adscrita a la Secretaría Auxiliar de Recursos Humanos (Secretaría).

El 14 de septiembre de 2004 encontró cerrada la Secretaría y un guardia de seguridad del Departamento le impidió a la Sra. Llanos la entrada a su oficina en el Departamento, por lo que entendió que ya no gozaba de la confianza del Secretario de Educación, Dr. César Rey Hernández, y el mismo día solicitó por escrito la reinstalación al puesto de carrera, como Técnico de Administración III, adscrito a la Secretaría Auxiliar de Recursos Humanos. Además, solicitó se le autorice un salario de $4,094.00 al mes, conforme dispone el Art. 8, Sec. 8.02 inciso 12 de la Ley 184, de 3 de agosto de 2008. (Ap. pág. 39).

A la fecha del 13 de septiembre de 2004, la Sra. Llanos devengaba un salario mensual de $4,542.00 **en el puesto de confianza**, como ayudante especial en la secretaría.

En lo pertinente, la Ley 184, *supra*, dispone como sigue:

*"(12) Los empleados de confianza con derecho a reinstalación a puestos de carrera conforme la sec. 1465a de este título, al ser reinstalados tendrán derecho a todos los beneficios en términos de clasificación y sueldo que*

*se hayan extendido al puesto de carrera que ocupaba durante el término que sirvió en el servicio de confianza. También tendrá derecho a los aumentos de sueldo otorgados vía legislativa y a un incremento de sueldo de hasta un diez (10) por ciento del sueldo que devengaba en el puesto del servicio de confianza. Para otorgar este reconocimiento será necesario que se evidencie la ejecutoria excelente del empleado. Por otra parte, si el empleado a reinstalar estuvo en el servicio de confianza por un período no menor de tres (3) años, la autoridad nominadora podrá autorizar cualquier aumento que surja de la diferencia entre el salario devengado en el servicio de carrera y el que estaría devengando al momento de la reinstalación." 3 LPRA 1464 (b) (12).*

De tal forma, la Sra. Llanos solicitó reinstalación a su puesto de carrera con derecho al correspondiente salario del puesto, según ajustado a escala luego de añadido los aumentos legislativos conferidos. Primeramente, el Departamento le confirió un salario de $2,698.00. No conforme, el 21 de octubre de 2004, la Sra. Llanos solicitó al Secretario un salario de $3,063.00.

Así las cosas, el 4 de noviembre de 2004, el Departamento asignó un salario enmendado de $2,827.00 al mes que en esa misma fecha aumentó a $2,977.00 (Ap. pág. 32). El 30 de diciembre de 2004, el Departamento le asignó un salario mensual de $3,070.00 retroactivo a la fecha de su reinstalación, 14 de septiembre de 2004. Finalmente, el Departamento aumentó el salario mensual a $3,220.00 el 3 de enero de 2005. No obstante toda esta saga administrativa, la Sra. Llanos siguió recibiendo y cobrando, entre el 15 de septiembre de 2004 hasta el 3 de enero de 2005 el salario mensual de $4,542.00, que sólo correspondía cobrar en la plaza del puesto de confianza que había concluido el 13 de septiembre de 2004, como queda dicho.

La Sra. Llanos se acogió a la jubilación por retiro efectivo el 30 de junio de 2005. (T.E. 8 de octubre de 2008, pág. 24) El 4 de agosto de 2005 instó la causa de acción del epígrafe K AC2005-5538, ante el Tribunal de Primera Instancia, Sala Superior de San Juan, P.R. (TPI). Reclamó en cobro de dinero por el diferencial de Salarios, según proceda [1] y $100,000.00 en Daños y Perjuicios por alegados "daños y angustias mentales sufridas y violación de los derechos constitucionales". (Ap. pág. 18)

La causa fue a juicio ante el TPI, con vista en su fondo el 7 y 8 de octubre de 2008. El TPI desestimó totalmente la demanda e impuso $1,500.00 en concepto de honorarios de abogado contra la demandante y a favor del Departamento. El TPI concluyó como sigue:

"........

*1. La Ley Núm. 184 de 3 de agosto de 2004 provee en su Sección 9.2 que los empleados que ocupen puestos de confianza tienen derecho a ser reinstalados en puestos de carrera y, cuando ello ocurra, a devengar un aumento de sueldo discrecional de hasta un 10% del sueldo que devengaba en el servicio de confianza, pudiendo ser el aumento, en caso de empleados que hayan ocupado un puesto de confianza por más de 3 años, de la diferencia entre el sueldo en uno y otro puesto, ello también a discreción de la agencia nominadora.*

*2. La parte demandada, por memorando de Secretario de Educación, Dr. César A. Rey Hernández, limitó el aumento de sueldo hasta un 5% del sueldo devengado en el servicio de confianza o a la diferencia de sueldos entre puestos en hasta un 10% discrecional. A la parte demandante le aplicaba este último por haber laborado en el servicio de confianza por un término mayor al de 3 años.*

*3. La prueba desfilada por la demandante no demostró cuál fue la cuantía del aumento que debió haber recibido distinta a los $3,070.00 no estuvieran contemplados tales aumentos discrecionales, ni demostró que estuvieran presentes elementos discriminatorios o arbitrarios de parte del demandado en la concesión de los aumentos bajo la Ley Núm. 184 a la demandante.*

*4. La prueba en el caso tampoco configuró ninguna causa de acción de daños y perjuicios ni de violación de*

*derechos civiles o constitucionales de la demandante.*

*5. Lo que la totalidad de la prueba presentada demostró en sentido contrario, incluyendo aquellos hechos que dieron base a las estipulaciones que hemos reconocido en esta sentencia, es que el salario que finalmente se le reconoció a la demandante por el Secretario ($3,070.00), es mayor que aquél que reclama en el caso bajo el palio de la Ley Núm. 184, ante. Y aunque este no fuera el caso, de nuevo, la ·demandante no demostró ser acreedora, ni las razones para ello, a un aumento diferente al que se le concedió. ........". (Ap. págs. 6-7)*

No conforme, la Sra. Llanos recurre en la apelación del epígrafe e imputa al TPI que incidió de la siguiente manera:

*"Primer Error: Erró el Tribunal de Primera Instancia al desestimar la demanda del caso de epígrafe.*

*Segundo Error: Erró el Tribunal de Primera Instancia al imponerle honorarios de abogado a la parte apelante."*

La causa está sometida y debemos disponer.

**Exposición y Análisis**

## I

Como puede apreciarse, la causa de acción se divide en: (1) compensación discrecional por previo servicio en puesto de confianza una vez regresó al puesto de carrera, y (2) *quántum* reparador por angustias y sufrimientos causados por la forma y manera en que se concluyó el servicio de confianza.

Respecto al incremento salarial que favorece a todo empleado de carrera que regresa a su puesto, luego de servir en una plaza de confianza, lo discrecional es la **cuantía** del aumento, que puede alcanzar al 10% del salario del puesto de confianza y cuando ocupare el puesto de confianza por 3 años o más, será también elegible a un diferencial discrecional en proporción al salario que devenga el puesto de confianza *vis-a-vis* el salario entonces correspondiente en reinstalación. Todo ello protegiendo siempre la jerarquía retributiva dentro del Departamento.

Ahora bien, no se trata de un cómputo aritmético uniforme y automático. En el aspecto discrecional median varios factores que incluyen el presupuesto del Departamento y la realidad fiscal. En el caso de epígrafe, el TPI expone que la Sra. Llanos no expuso en específico cuánto reclama por tal renglón, aunque el 21 de octubre de 2004 solicitó al Departamento un salario total de $3,063.00 mensual y al final obtuvo un salario total de $3,220.00 al mes.

El Departamento concluyó que la plaza de carrera con los aumentos legislativos alcanzó a un salario mensual de $2,848.00, al que añadió aumentos porcentuales que en enero de 2005 elevaron el salario mensual a $3,220.00.

La prueba demostró, precisamente por el propio testimonio de la Sra. Llanos, que luego de haber cesado en la plaza de confianza (con salario mensual de $4,542.00) continuó cobrando los $4,542.00 hasta el 3 de enero de 2005, cuando desde el 14 de septiembre de 2004 la Sra. Llanos ya no ejercía en el puesto de confianza. Por tanto, finalmente cuando se efectúa el ajuste salarial, la Sra. Llanos tuvo que devolver al Departamento $5,501.00, que se le pagó y ella cobró en exceso a los $3,220.00, por lo menos retroactivo al 1 de octubre de 2004 al 3 de enero de 2005 (T.E. 8 de octubre de 2008, págs. 24-28).

Entre $3,220.00 (salario total del puesto de carrera más el diferencial concedido) y $2,848.00 (sueldo del puesto de carrera al momento de regreso de la Sra. Llanos, 14 de septiembre de 2008 tomando en cuenta los aumentos legislativos) hay un diferencial de $372.00, que ha de corresponder al incremento porcentual discrecional que atañe a la Ley 184, *supra* lo que implica: (1) Hasta un 10% del salario en el puesto de confianza,

y (2) diferencial entre sueldo en el puesto de confianza y puesto de carrera, al momento del reintegro.

Como queda señalado, originalmente, la Sra. Llanos reclamó un monto salarial mensual combinado de $3,063.00 que en apelación aumentó a $3,181.34 y realmente el Departamento le asignó $3,220.00.

## II

El sistema es rogado. *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 105 (2002). La Sra. Llanos deja aquí de precisar su reclamo en cuanto a cobro de salario, más allá de pedir que se ordene al Departamento conceder un diferencial de $454.00 al mes, en lugar de los $372.00. También solicita "...hacer los ajustes necesarios para enmendar la pensión de la demandante, conforme al salario correspondiente". Como hemos ya señalado, tales aumentos porcentuales se tratan de un ejercicio retributivo de carácter discrecional, sujeto a varios parámetros, tales como ejecutorias en el puesto de confianza, situación presupuestaria del Departamento y escalas salariales.

## III

En cuanto al reclamo de *Quántum* reparador en daños y perjuicios, el reclamo se fundamenta en las investigaciones y auditorías conducidas por el Departamento respecto a las funciones de la Secretaría Auxiliar de Recursos Humanos, entonces a cargo de la Dra. Lizette Pillich, para quien la Sra. Llanos trabajaba como ayudante especial, en el puesto de confianza.

Tales preocupaciones, angustias o molestias, de ordinario, no constituyen motivo por los cuales se pueda reclamar o accionar al amparo del Art. 1802 ó 1803 del Código Civil. Mucho menos, el Estado ha renunciado a su inmunidad por tales situaciones en el taller de trabajo. La Ley 104 de 29 de junio de 1955, 32 LPRA 3077(a), sólo contempla cuando media culpa o negligencia. No se ha demostrado aquí que a tal respecto, el Estado incurrió en "culpa o negligencia". Independientemente de lo que tales eventos significaron para la Sra. Llanos, la pérdida de la confianza, los alegados comentarios, dudas, incomodidades posteriores, etc. no son capaces de generar responsabilidad por parte del Estado y establecer una causa de acción a favor de la Sra. Llanos.

## IV

Por último, la imposición de honorarios de abogado tiene como propósito disuadir la litigación innecesaria, mediante la imposición de sanciones a la parte "temeraria", que en alguna medida compensen los perjuicios económicos y las molestias sufridas por la otra parte. De esta forma se promueve la justa, rápida y económica solución de los asuntos ante la consideración del Tribunal. *Pérez v. Col. Cirujanos Dentistas de P.R.*, 131 DPR 545 (1992); *Elba A.B.M. v. U.P.R.*, 125 DPR 294 (1990); *Insurance Co. of P.R. v. Tribunal Superior*, 100 DPR 405 (1972).

El concepto "temeridad" ha sido ampliamente definido por nuestra jurisprudencia. En términos generales se considerará temeraria toda aquella conducta que haga necesario un pleito que se pudo evitar o **que lo prolongue innecesariamente**. *Elba A.B.M. v. U.P.R.*, supra; *Hawayek v. A.F.F.*, 123 DPR 526 (1989); *Colondres Vélez*, 114 DPR 833 (1983); *Insurance Co. of P.R. v. Tribunal Superior*, supra. La conducta temeraria puede preceder la radicación de la demanda. *Raoca Plumbing v. Trans World*, 114 DPR 464, 467 (1983).

Temerario es aquél que obliga al litigio, o ir a juicio. *Fernández Mariño v. San Juan Cement Co., Inc.*, 118 DPR 713, 718-719 (1987). Los honorarios por temeridad persiguen sancionar a la parte perdidosa que por su **terquedad, obstinación o insistencia y actitud desprovista de fundamentos**, obliga a la otra parte a asumir gastos e inconveniencias de un pleito. *O.E.G. v. Román González*, 159 DPR 401 (2003).

La determinación de que una parte obró con temeridad descansa en la sana discreción del juez sentenciador. *Montañez Cruz v. Metropolitan Cons. Corp.* 87 DPR 38, 40 (1962). Una vez éste determina que hubo conducta temeraria, procede la imposición de los honorarios de abogado. *P.R. Oil Co., Inc. v. Dayco Prod., Inc.*, 164 DPR

486, 511 (2005); *Jarra Corp. v. Axxis Corp.*, 155 DPR 764 (2001).

Para discernir cuál es la cuantía apropiada a imponer por la temeridad, el Tribunal Supremo ha identificado algunos criterios:

"*...La naturaleza del litigio, las cuestiones de derecho envueltas en el mismo, la cuantía en controversia, el tiempo invertido, los esfuerzos y actividad profesional que hayan tenido que desplegarse, y la habilidad y reputación de los abogados envueltos [...] deberá mantenerse presente que el grado o intensidad de la conducta temeraria o frívola es el criterio o factor determinante y crítico [...].*" (Énfasis suprimido) *Corpak, Art Printing v. Ramallo Brothers*, 125 DPR

Un tribunal apelativo sólo intervendrá en este tipo de caso cuando se le demuestre claramente que el Tribunal de Primera Instancia abusó de su facultad. *Ramos Báez v. Bossolo López*, 143 DPR 567 (1997).

En el presente caso no se ha demostrado que dicha imposición responda a un abuso de discreción del tribunal *a quo*. Analizando el expediente ante nuestra consideración, no intervendremos con la determinación del TPI en cuanto a la imposición de honorarios por temeridad. No se incidió en error.

## Dictamen

Por los fundamentos antes esbozados, se confirma la Sentencia apelada en su totalidad.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

### ESCOLIO 2009 DTA 125

**1.** En la súplica lo expuso así:

"*1.1 Por sentencia condene a los demandados a pagarle el salario retroactivamente desde el 14 de septiembre de 2004 como puesto de confianza (sic), y ordene a éstos a computar el salario utilizando un 10% de la escala utilizando como criterios la evaluación y el tiempo trabajado en el puesto de confianza según lo establece la Ley 184, supra. El 10% del salario es $454.00.*

*1.2 Ordene al Departamento de Educación y al Sistema de Retiro para Empleados del Estado Libre Asociado hacer los ajustes necesarios para enmendar la pensión de la demandante, conforme al salario correspondiente. ...*". (Ap. págs. 17-18).