EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José Luis González Ramos; Madeline Figueroa Colón y la Sociedad Legal de Bienes Gananciales compuesta por ambos<br><br>Peticionarios<br><br>v.<br><br>Pedro Luis Pacheco Romero; Fulana de Tal y la Sociedad de Bienes Gananciales compuesta por ambos; Universal Insurance Company; John Doe y Richard Doe<br><br>Recurridos | 2022 TSPR 43<br><br>208 DPR \_\_\_\_ |

Número del Caso: CC-2020-299

Fecha: 12 de abril de 2022

Tribunal de Apelaciones:

    Panel VI

Abogado de la parte peticionaria:

    Lcdo. Humberto Guzmán Rodríguez

Abogados de la parte recurrida:

    Lcdo. Juan J. Casillas Ayala
    Lcda. Cristina B. Fernández Niggemann
    Lcdo. Juan R. González Muñoz

Materia: Derecho Procesal Civil - La parte victoriosa en un pleito no está obligada a solicitar de forma expresa la concesión del interés legal presentencia estatuido en la Regla 44.3 (b) de Procedimiento Civil. Tal omisión constituye un error de forma que puede ser corregido en cualquier momento.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| José Luis González Ramos; Madeline Figueroa Colón y la Sociedad Legal de Bienes Gananciales compuesta por ambos<br><br>Peticionarios<br><br>v.<br><br>Pedro Luis Pacheco Romero; Fulana de Tal y la Sociedad de Bienes Gananciales compuesta por ambos; Universal Insurance Company; John Doe y Richard Doe<br><br>Recurridos | CC-2020-0299 | Certiorari |
|---|---|---|

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 12 de abril de 2022.

Debemos resolver si, tras una determinación de temeridad e imposición de honorarios de abogado, la parte victoriosa en un pleito debe solicitar la mención expresa del interés legal presentencia dispuesto en la Regla 44.3(b) de Procedimiento Civil para su eventual recobro. La respuesta es en la negativa. Cumplidos los requisitos de esta norma procesal, el pago del interés por temeridad es tan imperativo como lo es la condena del interés postsentencia cuando la parte no ha sido temeraria. La omisión de tal partida es un error de forma que puede ser corregido en cualquier momento, conforme lo permite la Regla 49.1 de Procedimiento Civil.

I

Los peticionarios José Luis González Ramos y Madeline Figueroa Colón presentaron una demanda por daños y perjuicios contra el recurrido Pedro Luis Pacheco Romero y su compañía aseguradora, Universal Insurance Company, Inc. El Tribunal de Primera Instancia, Sala Superior de San Juan, declaró con lugar la demanda y ordenó el pago de determinada indemnización.[1] Esto debido a las lesiones corporales causadas por el impacto vehicular que sufrió el peticionario González Ramos, por el cual sus piernas estuvieron pilladas por varios minutos entre el auto que conducía el recurrido Pacheco Romero y la pared de un negocio. Oportunamente, los peticionarios solicitaron que se impusieran a los recurridos el pago de honorarios e intereses por temeridad. Sin embargo, el tribunal denegó la petición.

Insatisfechos con la determinación, las partes presentaron sus respectivos recursos ante el Tribunal de Apelaciones, los cuales fueron consolidados posteriormente. En lo pertinente, los peticionarios señalaron que el Tribunal de Primera Instancia erró al no imponer honorarios de abogado e intereses presentencia. Evaluados los recursos consolidados, el Tribunal de Apelaciones modificó la

---

[1] En la sentencia emitida el 2 de febrero de 2018 se incluyó el pago de $222,058.82 por los daños físicos, sufrimientos y angustias mentales del peticionario González Ramos; $39,000.00 por los sufrimientos y angustias mentales de la peticionaria Figueroa Colón; $737.94 por gastos misceláneos; $5,669 por el lucro cesante, así como el pago de las costas e intereses legales, con la deducción de $3,000 requerida por la *Ley de Protección Social por Accidentes de Automóviles*, Ley Núm. 138 de 26 de junio de 1968, derogada y sustituida por la Ley Núm. 111-2020.

sentencia apelada para establecer que la recurrida Universal respondía por los daños reclamados hasta el máximo de $250,000, según establecido en la póliza para las lesiones corporales por persona y las reclamaciones derivadas. Además, resolvió que el tribunal primario erró al no hacer una determinación de temeridad en cuanto a los recurridos. En consecuencia, declaró que procedía el pago de honorarios de abogado por la suma de $1,000, por los cuales la aseguradora respondería en exceso del límite de la póliza.

La determinación de temeridad en apelación estuvo fundamentada en que los recurridos negaron los hechos, así como toda negligencia y responsabilidad en el incidente que motivó la demanda. Incluso, porque levantaron la defensa de caso fortuito cuando del expediente surgía que, mediante carta suscrita el 15 de diciembre del 2014, el recurrido Pacheco Romero exigió a la recurrida Universal la activación de la póliza vigente por el accidente ocurrido el 30 de noviembre de 2014. Sin embargo, no fue hasta la celebración del juicio en que la parte demandada admitió su negligencia al impactar a dos personas mientras conducía su vehículo de motor. Según expresó el tribunal apelativo, lo que correspondía era que los recurridos admitieran desde un principio la responsabilidad por el accidente y que el caso se limitara a dilucidar los daños reclamados por los peticionarios.

Inconformes con tal modificación y confirmación del dictamen primario, las partes solicitaron la reconsideración, las cuales fueron denegadas por el tribunal apelativo. No satisfechas, estas presentaron sus respectivos recursos de *certiorari* ante este Tribunal, pero no fueron admitidos o expedidos para la resolución en sus méritos.

Posteriormente, los peticionarios presentaron ante el Tribunal de Primera Instancia una moción para que se ordenara el pago de intereses por temeridad. Adujeron que, conforme a la Regla 44.3(b) de Procedimiento Civil y la sentencia emitida por el Tribunal de Apelaciones el 31 de enero de 2019 en el caso núm. KLAN201800444, consolidado con los recursos KLAN201800447 y KLAN201800448, tenían el derecho a recibir el pago de los intereses presentencia.

Los recurridos se opusieron a la petición por considerarla tardía. Alegaron, en esencia, que los peticionarios renunciaron al remedio de los intereses presentencia no concedidos expresamente por el Tribunal de Apelaciones, pues, no incluyeron tal reclamo en la moción de reconsideración ni en los escritos posteriores presentados ante este Tribunal. Sostuvieron que la omisión de los intereses era un error sustantivo y no de forma que no podía ser corregido porque la sentencia apelativa advino final y firme. Adujeron también que el único remedio que quiso conceder la instancia apelativa fueron los honorarios de abogado.

Evaluados los escritos, el Tribunal de Primera Instancia denegó la solicitud de la imposición de los intereses por temeridad por entender que este asunto debió ser traído en el trámite apelativo. En desacuerdo, los peticionarios solicitaron reconsideración a la que los recurridos se opusieron. El tribunal se negó a reconsiderar su determinación.

Inconformes, los peticionarios presentaron ante el Tribunal de Apelaciones un recurso de *certiorari*. Sin embargo, esta instancia apelativa denegó el recurso mediante resolución emitida el 23 de junio de 2020 por considerar que no hubo abuso de discreción, prejuicio, parcialidad o error del tribunal primario como tampoco se cumplía alguno de los criterios que justificaran su intervención con la resolución recurrida.

Ante tal denegatoria, los peticionarios presentaron este recurso en el cual señalaron que el Tribunal de Apelaciones erró al no atender los méritos de su petición de *certiorari* sobre la denegatoria de primera instancia de conceder los intereses presentencia o por temeridad a los que tenían derecho. Expedimos el recurso, y con el beneficio de la oportuna comparecencia de ambas partes, resolvemos en los méritos la controversia que presenta este caso, no sin antes exponer la doctrina legal vigente en nuestro ordenamiento procesal civil.

II

La Regla 44.1(d) de Procedimiento Civil dispone: "En caso [de] que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta".[2] Además, la Regla 44.3 de Procedimiento Civil reconoce dos tipos de intereses legales, a saber, los intereses presentencia (o por temeridad) y los postsentencia. Conforme surge del texto de esta norma, la imposición de intereses postsentencia pretende evitar la demora irrazonable en el cumplimiento de las obligaciones declaradas judicialmente por sentencia, y estimular su pago en el menor tiempo posible.

El derecho a recobrar los intereses postsentencia es estatutario u opera por disposición de ley. En consecuencia, forman parte de la sentencia y pueden ser recobrados, aunque no se mencionen expresamente en el dictamen.[3] Este está disponible para toda parte victoriosa, es decir, su imposición es obligatoria, sin distinción de clase alguna y con independencia de si la parte contraria actuó o no con temeridad. Se computa sobre la cuantía de la sentencia,

---

[2] Regla 44.1 (d) de Procedimiento Civil, 32 LPRA Ap. V., R. 44.1 (d). *Véase, por ejemplo*, Torres Montalvo v. Gobernador ELA, 194 DPR 760, 779-780 (2016) ("aquel que promueve una acción frívola, con total ausencia de fundamento legal que la apoye [y sin legitimación activa], se expone a ser penalizado [con la imposición de honorarios de abogado]").

[3] Montañez v. U.P.R., 156 DPR 395, 426 (2002).

incluidas las costas y los honorarios de abogado, desde la fecha en que se emita la sentencia hasta su satisfacción.[4]

Sin embargo, los intereses presentencia solo proceden sobre la cuantía de la sentencia, sin incluir las costas y los honorarios de abogado, si la parte perdidosa actuó con temeridad en la tramitación de un pleito y si este se trata de una demanda en cobro de dinero o por daños y perjuicios.[5] En cuanto a los intereses por temeridad, el inciso (b) de la Regla 44.3 de Procedimiento Civil establece:

> (b) El tribunal también impondrá a la parte que haya procedido con temeridad el pago de interés al tipo que haya fijado la Junta en virtud del inciso (a) de esta regla y que esté en vigor al momento de dictarse la sentencia desde que haya surgido la causa de acción en todo caso de cobro de dinero y *desde la presentación de la demanda, en caso de daños y perjuicios, y hasta la fecha en que se dicte sentencia a computarse sobre la cuantía de la sentencia*, excepto cuando la parte demandada sea el Estado Libre Asociado de Puerto Rico, sus municipios, agencias, dependencias o funcionarios o funcionarias en su carácter oficial. El tipo de interés se hará constar en la sentencia.[6]

En el pasado hemos expresado que el texto de la norma nos lleva a concluir que "[t]an imperativa es la condena de intereses desde que se presenta la demanda cuando la parte ha sido temeraria, como lo es la condena de intereses desde que se dicta sentencia cuando la parte no ha sido temeraria".[7]

---

[4] Gutiérrez v. A.A.A., 167 DPR 130, 136-137 (2006).

[5] Marrero Rosado v. Marrero Rosado, 178 DPR 476, 505 (2010) (caso donde el tipo de controversia no era susceptible de la imposición del pago del interés legal por temeridad).

[6] 32 LPRA Ap. V., R. 44.3 (énfasis suplido).

[7] Insurance Company of Puerto Rico v. Tribunal Superior, 100 DPR 405, 411 (1972).

Por otra parte, este Tribunal consistentemente ha reafirmado que la temeridad para que se impongan los intereses presentencia sobre la cuantía de la sentencia es de naturaleza idéntica a la que puede acarrear la condena al pago de honorarios de abogado y persiguen los mismos propósitos.[8] Ambas sanciones pretenden disuadir la litigación frívola, compensar, en lo posible, los gastos incurridos por la parte que no ha sido temeraria y fomentar las transacciones de los pleitos.[9] La equivalencia entre estas sanciones es tal que "[u]na vez se determina la temeridad, *la imposición de honorarios de abogado e intereses por temeridad es imperativa*".[10]

La única diferencia entre la condena al pago de honorarios de abogado y los intereses presentencia es que la primera no hace excepciones en cuanto al tipo de acción en que pueden ser impuestos. Es decir, los honorarios de abogados sancionan la temeridad en cualquier tipo de acción judicial. No obstante, los intereses presentencia solo proceden en dos clases de acciones: la de cobro de dinero, así como la de daños y perjuicios.[11] Nótese que en nuestro ordenamiento procesal civil cuando el tribunal condena a la

---

[8] *Montañez*, 156 DPR en la pág. 425; Fernández v. San Juan Cement Co., Inc., 118 DPR 713, 722 (1987); Colondres Vélez v. Bayron Vélez, 114 DPR 833, 843 (1983) (hacer una distinción en cuanto a la temeridad para la imposición de intereses presentencia y para los honorarios de abogado sería contrario a un sistema procesal civil lógico y ordenado).

[9] *Marrero Rosado*, 178 DPR en las págs. 504-505; *Montañez*, 156 DPR en la pág. 425 (*citando a* Insurance Co. of P.R, 100 DPR en la pág. 411).

[10] Elba A.B.M. v. U.P.R., 125 DPR 294, 329 (1990) (énfasis suplido).

[11] *Colondres Vélez*, 114 DPR en las págs. 842-843.

parte perdidosa a pagar honorarios de abogado, lo que puede hacer en todo tipo de acción, tal imposición constituye una determinación implícita de temeridad.[12]

Sin duda, para reclamar los honorarios de abogado y los intereses presentencia es imprescindible que se haya actuado con temeridad durante el trámite judicial.[13] Ahora bien, aunque la temeridad es sancionada expresamente en las disposiciones citadas, el concepto temeridad no está definido propiamente en las Reglas de Procedimiento Civil. Con más de un siglo de jurisprudencia, ha sido este Tribunal el que caso a caso ha delimitado los contornos de esta institución de carácter procesal.[14]

Según delineado, y en términos generales, el amplio concepto de temeridad conlleva aquellas actuaciones de un litigante que lleven a un pleito que pudo evitarse, que provoquen la prolongación indebida del trámite judicial o que obliguen a la otra parte a incurrir en gastos innecesarios para hacer valer sus derechos.[15] Un litigante perdidoso actúa con temeridad cuando por su terquedad, testarudez, obstinación, contumacia, empecinamiento,

---

[12] Rivera v. Tiendas Pitusa, Inc., 148 DPR 695, 702 (1999); Montañez Cruz v. Metropolitan Cons. Corp., 87 DPR 38, 40 (1962).

[13] C.O.P.R. v. S.P.U., 181 DPR 299, 342 (2011) (el pago de honorarios e interés por temeridad no procede en ausencia de prueba de que la parte perdidosa actúo frívola o temerariamente en el cauce judicial).

[14] Blás v. Hosp. Guadalupe, 146 DPR 267, 334 (1998) (*citando a* Fernández v. San Juan Cement Co., Inc., 118 DPR 713, 718 (1987)). *Véase, además*, José A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Tomo IV, Publicaciones JTS, 2da ed. pág. 1305.

[15] *Véase*, Andamios de P.R. v. JPH Contractors, Corp, 179 DPR 503, 520 (2010) (el litigante temerario es aquel que dilata injustificadamente un pleito para evitar que la parte demandante cobre su acreencia).

impertinencia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte a asumir innecesariamente las molestias, gastos e inconvenientes de un pleito.[16]

La facultad de imponer honorarios de abogado y, cuando procedan, intereses presentencia es la mejor arma que tienen los tribunales para gestionar eficientemente los procedimientos judiciales y el tiempo de la administración de la justicia, así como para proteger a los litigantes de la dilación y los gastos innecesarios.[17] Como la temeridad es contraria a los principios de eficiencia en la administración de la justicia y el buen funcionamiento de los tribunales, la sanción judicial dispuesta en la Regla 44 de Procedimiento Civil es un mecanismo poderoso para garantizar "una solución justa, rápida y económica de todo procedimiento".[18]

Este Tribunal ha resuelto que no es temerario quien plantea asuntos complejos y novedosos, sobre los cuales no existan precedentes vinculantes, o cuando exista alguna desavenencia honesta en cuanto al derecho aplicable a los hechos del caso.[19] Sin embargo, es claramente temeraria la

---

[16] Fernández v. San Juan Cement Co., Inc., 118 DPR 713, 718-719 (1987).

[17] Íd. (citando con aprobación a R. E. Bernier, El derecho de accesión en Puerto Rico, Barcelona, Imp. Vda. de Daniel Cochs, 1970, págs. 30-31).

[18] Regla 1 de Procedimiento Civil, 32 LPRA Ap. V. Véase, Conde Cruz v. Resto Rodríguez, 205 DPR 1043, 1075 (2020).

[19] Blanco Matos v. Colón Mulero, 200 DPR 398, 429 (2018); Torres Vélez v. Soto Hernández, 189 DPR 972, 994 (2013); Elba A.B.M. v. U.P.R., 125 DPR 294 (1990).

parte que insiste contumazmente en alegar algo sin alguna prueba fehaciente que lo apoye, que niega los hechos que le constan o son de fácil corroboración y dilata los procedimientos judiciales para no responder por sus obligaciones.[20]

La jurisprudencia de este Tribunal ha sido basta en el sentido de que es temerario quien niega totalmente su responsabilidad en los hechos que motivan la demanda, cuando conocía o debió conocer, que su negligencia causó o contribuyó al daño sufrido y obliga a la parte demandante a litigar extensamente su caso, especialmente el aspecto de la negligencia.[21] Incluso, la parte es temeraria cuando entiende que la cuantía reclamada es exagerada, pero no acepta con franqueza la responsabilidad por sus actos con el fin de limitarse a litigar los daños reclamados y su valoración.[22] De esta manera asume voluntariamente el riesgo y las consecuencias de litigar un caso en el que la negligencia surge *prima facie* (a primera vista o impresión).[23]

Ahora bien, siempre debe tenerse en perspectiva que la imposición de honorarios de abogado e intereses

---

[20] Domínguez v. GA Life, 157 DPR 690, 706-707 (2002); Rivera v. Tiendas Pitusa, Inc., 148 DPR 695, 702-703 (1999); Fernández v. San Juan Cement Co., Inc., 118 DPR 713 (1987).

[21] *Véanse, por ejemplo*, Feliciano Polanco v. Feliciano González, 147 DPR 722, 730-731 (1999); Blás v. Hosp. Guadalupe, 146 DPR 267, 335 (1998); Fernández v. San Juan Cement Co., Inc., 118 DPR 713 (1987); Rodríguez Cancel v. A.E.E., 116 DPR 443, 461 (1985).

[22] Mercado v. American Railroad Co., 61 DPR 228, 237 (1943); Reyes v. Aponte, 60 DPR 890, 900 (1942).

[23] Pérez Cruz v. Hosp. La Concepción, 115 DPR 721, 739-740 (1984).

presentencia a la parte temeraria descansa en la sana discreción judicial. Así, cuando en su sana discreción un tribunal primario encuentra a una parte temeraria impone una sanción procesal que solo será variada en apelación si se demuestra que hubo abuso de discreción.[24]

Por último, este Tribunal ha expresado que los intereses legales forman parte integral de la sentencia y son recobrables, aunque se omita su mención en el dictamen. En particular, se ha resuelto que la omisión de los intereses en un dictamen se considera un error de forma que puede ser corregido en cualquier momento, conforme lo permite la Regla 49.1 de Procedimiento Civil.[25]

### III

En este recurso los peticionarios alegan, en esencia, que cuando el Tribunal de Apelaciones concluyó que los recurridos fueron temerarios y los condenó al pago de honorarios de abogado concedió implícitamente el interés legal por temeridad. En consecuencia, aducen que el Tribunal de Primera Instancia debió ordenar el pago de los intereses presentencia. Tienen razón.

Conforme a la doctrina legal prevaleciente en nuestra jurisdicción para que proceda la imposición de los intereses presentencia o por temeridad hay que cumplir con

---

[24] VS PR, LLC v. Drift-Wind, Inc., 2021 TSPR 76, en las págs. 25-26; Meléndez Vega v. El Vocero de PR, 189 DPR 123, 212-213 (2013); Muniz Burgos, Inc. v. Mun. Yauco, 187 DPR 665, 691-692 (2013); Santos v. Coop. Seg. Múlt. P.R., 173 DPR 170, 188 (2008).

[25] Insurance Company of Puerto Rico v. Tribunal Superior, 100 DPR 405, 409-411 (1972).

dos requisitos: Primero, debe haber una determinación de temeridad, expresa o implícita, que obligue a la imposición de tal partida. Segundo, debe tratarse de una acción en cobro de dinero o por daños y perjuicios. Una vez se cumplen estos requisitos, la Regla 44.3 de Procedimiento Civil obliga al tribunal a conceder a la parte victoriosa el interés legal presentencia. Dicho de otro modo, la condena de intereses presentencia es imperativa u obligatoria en tales circunstancias. Veamos si este caso reúne ambos criterios.

Como mencionamos en la exposición de los hechos y el trámite procesal de este caso, en su recurso apelativo los peticionarios señalaron que el tribunal primario erró al no imponer honorarios de abogado e intereses presentencia a los recurridos. Así, mediante sentencia emitida el 31 de enero de 2019, el Tribunal de Apelaciones resolvió que el error fue cometido y, en consecuencia, modificó la sentencia apelada. Sin embargo, solo ordenó el pago de honorarios de abogado por la suma de $1,000.

Para tal imposición, el tribunal apelativo hizo una determinación expresa de temeridad consistente en que los recurridos negaron los hechos esenciales de la demanda, así como toda negligencia y responsabilidad en el accidente que motivó la demanda, e incluso porque levantó la defensa de caso fortuito. Esto a pesar de que en el expediente había prueba de que la recurrida Universal conocía que el recurrido Pacheco Romero ocasionó el accidente en cuestión.

Aún más, de nuestro análisis surge que la existencia de la carta y la aceptación de la negligencia fue incluida en las determinaciones de hechos del tribunal primario como consecuencia de las estipulaciones de las partes.

Como sabemos, la conducta de negar en la contestación de la demanda la negligencia a sabiendas de su frivolidad fue sancionada como temeraria por este Tribunal en *Rodríguez Cancel v. A.E.E.,*[26] aunque la responsabilidad fue aceptada posteriormente en el cauce judicial. Así, no hay duda de que en este caso el tribunal de instancia abusó de su discreción al no establecer la temeridad de los recurridos. Por lo tanto, la determinación apelativa de temeridad, además, de ser final y firme, fue correcta en derecho.

La determinación apelativa antes dicha cumple con el primer requisito para la imposición de intereses presentencia. No hay duda de que la recurrida Universal, al controlar la litigación en defensa del asegurado recurrido, asumió el riesgo y la consecuencia de litigar de manera temeraria. La conducta procesal asumida por la aseguradora hizo que los peticionarios tuvieran que prepararse para presentar prueba de la negligencia del recurrido Pacheco Romero al conducir su vehículo e incurrir en gastos innecesarios.

En cuanto al segundo requisito, surge del expediente que la demanda presentada por los peticionarios fue una

---

[26] 116 DPR 443, 461 (1985).

reclamación de daños y perjuicios por un impacto vehicular ocasionado por el recurrido Pacheco Romero. Conforme a la Regla 44.3 de Procedimiento Civil, este tipo de reclamación es una de las dos acciones que permite la imposición de intereses presentencia. En consecuencia, se cumple con el segundo requisito. Al reunirse ambos requisitos, es imperativo la imposición del interés legal por temeridad.

Ahora bien, los recurridos alegan que los peticionarios renunciaron al remedio de los intereses presentencia no concedidos expresamente en la sentencia del Tribunal de Apelaciones. En la alternativa, aducen que el tribunal no puede enmendar la sentencia que es final y firme para incluir los intereses presentencia. El Tribunal de Primera Instancia aceptó este planteamiento al concluir que esa partida debió reclamarse en el trámite apelativo. Sobre este aspecto, el tribunal primario erró.

Recordemos que en *Insurance Company of Puerto Rico v. Tribunal Superior,*[27] este Tribunal rechazó tal planteamiento porque los intereses legales previos o después de emitirse la sentencia son de igual categoría. Además, se rechazó porque la imposición del interés legal por temeridad es de naturaleza idéntica a la imposición de honorarios de abogado. Según la jurisprudencia vigente en la materia, la sola determinación de temeridad hace imperativa la condena por honorarios de abogado e intereses presentencia cuando se trata de una acción por daños y perjuicios.

---

[27] 100 DPR 405, 409-411 (1972).

Por lo tanto, es ineludible para los recurridos cumplir con el deber de satisfacer los intereses por temeridad, a tenor con el cálculo correspondiente, aunque no hayan sido incluidos expresamente en la sentencia apelativa. Así como la concesión de honorarios de abogados hace implícita la determinación de temeridad, tal concesión unida a la determinación expresa de temeridad, hace imperativo el pago de los intereses presentencia.

En este caso, la cuestión reclamada por los peticionarios no es un error de derecho, o que vaya a la sustancia de la sentencia, sino un error por inadvertencia u omisión del Tribunal de Apelaciones al hacer la correspondiente determinación de temeridad y conceder los honorarios de abogado. Como sabemos, al amparo de la Regla 49.1 de Procedimiento Civil, esta omisión o error de forma puede ser corregida en cualquier momento, lo que en efecto hacemos al disponer en los méritos de este recurso.

En fin, conforme a la doctrina legal prevaleciente, concluimos que en este caso los intereses legales por temeridad o presentencia son parte de la sentencia por operación de ley y constituyen parte del mandato del tribunal apelativo sobre la sentencia emitida el 31 de enero de 2019. En consecuencia, los peticionarios pueden recobrar los intereses presentencia, aunque se haya omitido su expresión en la sentencia apelativa que hizo la correspondiente determinación de temeridad.

IV

Por todo lo anterior, se revocan las resoluciones de los tribunales inferiores y se ordena el pago de los intereses presentencia o por temeridad. Se devuelve el caso al Tribunal de Primera Instancia para que determine el tipo de interés aplicable y haga cualquier otro pronunciamiento que en derecho proceda.

Se dictará sentencia de conformidad.


                              Erick V. Kolthoff Caraballo
                                   Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| José Luis González Ramos; Madeline Figueroa Colón y la Sociedad Legal de Bienes Gananciales compuesta por ambos<br><br>Peticionarios<br><br>v.<br><br>Pedro Luis Pacheco Romero; Fulana de Tal y la Sociedad de Bienes Gananciales compuesta por ambos; Universal Insurance Company; John Doe y Richard Doe<br><br>Recurridos | CC-2020-0299 | Certiorari |

SENTENCIA

En San Juan, Puerto Rico, a 12 de abril de 2022.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, se revocan las resoluciones de los tribunales inferiores y se ordena el pago de los intereses presentencia o por temeridad. Se devuelve el caso al Tribunal de Primera Instancia para que determine el tipo de interés aplicable y haga cualquier otro pronunciamiento que en derecho proceda.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo