ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| NORMA FIGUEROA GARCÍA, ET ALS<br><br>Recurrente<br><br>V.<br><br>CONCILIO DE IGLESIAS DE CRISTO MISIONERAS, MISIÓN INTERNATIONAL INC., por sus siglas CICMMII y Otros<br><br>Recurridos | KLCE202500186 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br>_____<br>Caso Núm.:<br>RG2024CV00382<br><br>_____<br>SOBRE:<br>DAÑOS Y OTROS |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente.

# **S E N T E N C I A**

En San Juan, Puerto Rico, a 5 de mayo de 2025.

Comparece ante nos Norma Figueroa García, *et als*., ("la señora Figueroa" o "Apelante") y nos solicita que revoquemos la *Sentencia Parcial* emitida el 24 de enero de 2024, por el Tribunal de Primera Instancia, Sala Superior de Fajardo ("TPI" o "foro apelado").[1] Mediante dicho dictamen, el TPI desestimó **con perjuicio** por falta de jurisdicción la *Demanda* sobre daños y perjuicios y violación a derechos civiles, entre otros, que presentó la señora Figueroa contra el Concilio de Iglesias de Cristo Misioneras, Misión Internacional, Inc., ("CICMMII") y otros (en conjunto "Apelados").

Por los fundamentos que exponemos a continuación, confirmamos la *Sentencia Parcial* apelada.

_____

[1] La *Sentencia Parcial* fue notificada y archivada en autos el 27 de enero de 2024. La señora Figueroa acudió ante nosotros mediante un Recurso de *Certiorari* que acogemos como una apelación por tratarse de la revisión de una *Sentencia Parcial*.

Número Identificador

SEN2025_____

-I-

A continuación, exponemos los hechos pertinentes ante nuestra consideración.

Como mencionamos, la señora Figueroa presentó una *Demanda* sobre daños y perjuicios y violación a derechos civiles, entre otras causas, contra el Concilio de Iglesias de Cristo Misioneras, Misión Internacional, Inc., y otras partes el 2 de agosto de 2024.[2]

Después de múltiples trámites procesales y dos intentos para enmendar la *Demanda*, finalmente el **21 de agosto de 2024**, la Apelante presentó la *Primer Enmienda a la Demanda, a tenor con la Regla 13.1, de Procedimiento Civil de PR*, para incluir los nombres de los cónyuges de las personas demandadas.[3] En la misma fecha, el tribunal apelado decretó ha lugar la enmienda solicitada.[4]

No obstante, no fue hasta el **10 de septiembre de 2024** que la Apelante solicitó la expedición de los nuevos emplazamientos.[5] El **17 de septiembre de 2024**, el TPI ordenó la expedición de los emplazamientos, no sin antes hacer la siguiente advertencia:

> [L]a parte demandante tiene el deber de someter al Tribunal los formularios para los emplazamientos debidamente cumplimentados junto con la demanda o como anejo a una moción. *Bernier González v Rodríguez Becerra*, 200 DPR 637, 650 (2018). En la medida que los formularios sometidos por la demandante no cumplan con los requisitos mínimos, se expiden según solicitados por y a riesgo por la parte demandante. Los plazos de la Regla 4.3 de Procedimiento Civil siguen transcurriendo y no han sido interrumpidos.[6]

Los emplazamientos fueron expedidos el **18 de septiembre de 2024**, es decir, ocho días después de

---

[2] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el caso Núm. RG2024CV00382.
[3] Entrada Núm. 38 de SUMAC.
[4] Entrada Núm. 40 de SUMAC.
[5] Entrada Núm. 42 de SUMAC.
[6] Entrada Núm. 43 de SUMAC.

presentada su solicitud. Ese mismo día, la señora Figueroa solicitó la expedición de tres emplazamientos adicionales que no acompañó con la *Demanda* enmendada por "inobservancia involuntaria".[7] Al otro día, el foro *a quo* emitió los emplazamientos solicitados.[8]

Posteriormente, el CICMMII y otros codemandados, **sin someterse a la jurisdicción del tribunal**, presentaron una *Solicitud de Desestimación por Falta de Jurisdicción al amparo de la Regla 10.2* […].[9] Expusieron que el tribunal carecía de jurisdicción sobre sus personas, debido a que los emplazamientos diligenciados no cumplieron con los requisitos mínimos de la Regla 4.4 de Procedimiento Civil, *infra*, y el Art. 12.01 de la Ley General de Corporaciones. Por consiguiente, no se podía considerar que fueron adecuadamente emplazados.

La señora Figueroa se opuso a la pretensión de los Apelados.[10] Alegó que los defectos señalados eran subsanables y no anulaban la validez de los emplazamientos.

Después de evaluar las posiciones de las partes, el foro de instancia declaró no ha lugar la moción de desestimación por prematura.[11] Además, decretó que la Apelante cumplió con la Regla 4 de Procedimiento Civil, *infra*.[12] No obstante, manifestó que esta tenía el deber de someter al tribunal los emplazamientos **debidamente cumplimentados** junto con la demanda y **le advirtió que el plazo de la Regla 4.3 continuaría transcurriendo y no sería interrumpido**.[13]

---

[7] Entrada Núm. 66 de SUMAC.
[8] Entrada Núm. 69 de SUMAC.
[9] Entrada Núm. 71 de SUMAC.
[10] Entrada Núm. 73 de SUMAC.
[11] Entrada Núm. 76 de SUMAC.
[12] Entrada Núm. 75 de SUMAC.
[13] *Íd.*

Posteriormente, la Apelante emplazó al señor Roberto Marrero, Ivelisse Robles y la Sociedad Legal de Gananciales. Además, emplazó también a la corporación sin fines de lucro CICMMII, a través de José Enrique Calderón, que también fue emplazado junto a Lilian Alvira y la Sociedad Legal de Gananciales compuesta por ambos. Todas las partes emplazadas, **sin someterse a la jurisdicción**, presentaron una solicitud de prórroga para someter su alegación responsiva u otra medida.[14]

El **5 de enero de 2025**,[15] la señora Figueroa solicitó al tribunal que se emplazara por edicto a los codemandados que aún no habían sido notificados de la *Demanda* y que, a su vez, se enmendaran los emplazamientos dirigidos a los cónyuges de los demandados, de modo que también pudieran ser emplazados por edicto.[16]

La parte apelada se opuso a la petición de la Apelante y solicitó, por segunda ocasión, la desestimación del pleito bajo los mismos fundamentos esbozados en su primera petición.[17] No obstante, añadió que el emplazamiento por edicto era improcedente por razón de que se presentó fuera del plazo de 120 días. Además, la Apelante no presentó evidencia que justificara su expedición conforme dispone la Regla 4.6 de Procedimiento Civil, *infra*.

El **15 de enero de 2025**, el TPI emitió una *Orden* en la que determinó que el plazo de 120 días para emplazar por edicto a los codemandados venció el **19 de diciembre de 2024**, por lo que la solicitud de emplazamientos estaba

---

[14] Entradas Núm. 78, 80 y 81 de SUMAC.
[15] Esto es 137 días después de presentada y acogida la enmienda a la *Demanda*.
[16] Entrada Núm. 82 de SUMAC.
[17] Entrada Núm. 85 de SUMAC.

prescrita.[18] Además, ordenó a la Apelante que mostrara causa por la cual no debía desestimar el pleito, con perjuicio, por no haber emplazado a algunos de los codemandados por segunda ocasión.

En respuesta, la señora Figueroa adujo que los emplazamientos expedidos el 18 de septiembre de 2024, se diligenciaron en la persona de la mayoría de los codemandados dentro del término reglamentario el 5 de octubre de 2024.[19] Sin embargo, esta no logró emplazar a los cónyuges de estas partes. Razonó que la petición de los emplazamientos por edicto no perjudicaba los intereses de los codemandados, por lo que insistió en solicitar su expedición.

Más adelante, la señora Figueroa solicitó que se anotara la rebeldía a los apelados, por no haber respondido oportunamente a su reclamo.[20]

Los Apelados se opusieron a la moción. Reiteraron que tanto el emplazamiento como su diligenciamiento eran insuficientes y solicitaron, por tercera ocasión, la desestimación de la demanda por falta de jurisdicción bajo los mismos argumentos esbozados en las mociones anteriores.[21]

El TPI declaró no ha lugar la *Solicitud de Anotación de Rebeldía* […].[22] También, denegó la expedición de los emplazamientos por edicto solicitados fuera del término de 120 días.[23]

Finalmente, el **24 de enero de 2025**,[24] el tribunal apelado emitió una *Sentencia Parcial* en la que declaró

---

[18] Entrada Núm. 88 de SUMAC.
[19] Entrada Núm. 92 de SUMAC.
[20] Entrada Núm. 93 de SUMAC.
[21] Entrada Núm. 94 de SUMAC.
[22] Entrada Núm. 95 de SUMAC.
[23] Entrada Núm. 96 de SUMAC.
[24] La *Sentencia Parcial* fue notificada el 27 de enero de 2025.

ha lugar la desestimación del pleito, con perjuicio, por falta de jurisdicción al amparo de la Regla 4.3 de Procedimiento Civil, en cuanto a una parte de los codemandados.

Inconforme, el 2 de febrero de 2025, la señora Figueroa presentó una *Solicitud de Reconsideración a Sentencia Parcial* […], que fue declarada No Ha Lugar por el TPI.[25]

Aún en desacuerdo, la Apelante acudió ante este foro intermedio mediante el recurso de epígrafe, en el que señaló los siguientes errores:

> ERRÓ EL TPI EN SU DECISIÓN DE DESESTIMAR LA DEMANDA CON PERJUICIO PARA ALGUNOS DE LOS DEMANDADOS, POR ENTENDER QUE NO SE EMPLAZÓ POR SEGUNDA OCASIÓN, PRIVANDO A LA DEMANDANTE DE SU DERECHO A TENER SU DÍA EN CORTE Y QUE SE LE RESARZA POR LOS DAÑOS OCASIONADOS

> ERRÓ EL TPI AL DESESTIMAR CON PERJUICIO LA DEMANDA PARA ALGUNOS DE LOS DEMANDADOS, SIN CONSIDERAR LA JURISPRUDENCIA APLICABLE ANTE NUESTRA CONTENCIÓN DE QUE LOS DEMANDADOS, INCLUYENDO LAS RESPECTIVAS SOCIEDADES LEGALES DE BIENES GANANCIALES, SE SOMETIERON TÁCITAMENTE A LA JURISDICCIÓN DEL TRIBUNAL

> ERRÓ EL TPI AL COMPUTAR LOS TÉRMINOS DISPUESTOS EN LA REGLA 47 DE PROCEDIMIENTO CIVIL PARA SOLICITAR RECONSIDERACIÓN A UNA SENTENCIA, POR LO QUE SU DECRETO, AL SER CONTRARIO A DERECHO, ES NULO

-II-

**A. Emplazamiento**

El emplazamiento de una parte es el paso inicial del debido proceso de ley que permite al tribunal adjudicar los derechos de un demandado.[26] Para que el tribunal adquiera jurisdicción *in personam* sobre una parte, es indispensable que el demandado sea notificado adecuadamente de la demanda en su contra.[27]

---

[25] Entradas Núm. 103 y 109 de SUMAC.
[26] *Álvarez v. Arias*, 156 DPR 352, 365-366 (2002).
[27] *Riego Zúñiga v. Líneas Aéreas LACSA*, 139 DPR 509, 515 (1995).

Un tribunal puede adquirir jurisdicción sobre una persona de dos maneras: a través de los mecanismos procesales de emplazamiento provistos en las Reglas de Procedimiento Civil o mediante la sumisión voluntaria de la parte demandada a la jurisdicción del tribunal, lo cual puede hacerse de forma explícita o tácita.[28]

El método de notificación del emplazamiento debe ser uno que ofrezca una probabilidad razonable de informarle al demandado sobre la acción entablada en su contra y permitirle comparecer a defenderse.[29] De ordinario, el método más apropiado para efectuar el emplazamiento sobre una parte es el diligenciamiento personal.[30] El diligenciamiento personal del emplazamiento se rige por la Regla 4.4 de Procedimiento Civil. Dicha regla dispone, en lo pertinente, lo siguiente:

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, **la persona que lo diligencie hará constar al dorso de la copia del emplazamiento sobre su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega.**[31]

El inciso (e) de esta regla establece que el emplazamiento a una corporación o persona jurídica se diligencia "*entregando copia del emplazamiento y de la demanda a un(a) oficial, gerente administrativo(a), agente general o a cualquier otro(a) agente autorizado(a) por nombramiento o designado(a) por ley para recibir emplazamientos. A la Sociedad Legal de*

---

[28] *Márquez v. Barreto,* 143 DPR 137, 143 (1997).
[29] *Quiñones Román v. Cía. ABC*, 152 DPR 367, 374 (2000).
[30] *León v. Rest. El Tropical*, 154 DPR 249, 258 (2001).
[31] (Énfasis suplido). 32 LPRA Ap. V, R. 4.4.

*Gananciales, entregando copia del emplazamiento y de la demanda a ambos cónyuges*".[32]

Los requisitos que dispone esta Regla son de estricto cumplimiento.[33] Esto es así debido a que el acto del emplazamiento está atado al concepto de jurisdicción sobre la persona y la falta de diligenciamiento del emplazamiento (personal o por edictos) priva al tribunal de jurisdicción sobre la persona e invalida cualquier sentencia en su contra.[34] Si no se cumplen cabalmente estos requisitos, el emplazamiento es ineficaz y el tribunal no adquiere jurisdicción sobre la persona del demandado.[35]

En cuanto al término para diligenciar el emplazamiento, la Regla 4.3 (c) de Procedimiento Civil dispone lo siguiente:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.[36]

A su vez, la Regla 4.7 de Procedimiento Civil establece que la persona que diligencie el emplazamiento presentará en el tribunal la constancia de haberlo hecho

---

[32] 32 LPRA Ap. V, R. 4.4 (e).
[33] *Quiñones Román v. Cía. ABC*, *supra*, págs. 374.
[34] *Acosta v. ABC, Inc.*, 142 DPR 927, 931 (1997).
[35] *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901, 913 (1998).
[36] 32 LPRA Ap. V, R. 4.3 (c).

a la persona demandada dentro del plazo concedido.[37] No obstante, cuando el emplazamiento no puede ser razonablemente diligenciado por la vía personal, nuestro ordenamiento permite que la parte demandada sea emplazada mediante la publicación de un edicto, si se cumplen con los requisitos para ello.[38] A esos efectos, la Regla 4.6 (a) de Procedimiento Civil permite el emplazamiento de una persona por medio de edictos en tales circunstancias:

> […]esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada…, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito[…][39]

Por lo tanto, para que proceda dictar una orden de emplazamiento por edictos es necesario que la parte demandante especifique mediante una declaración jurada las diligencias realizadas para emplazar a la parte demandada.

**B. Los honorarios de abogado por temeridad.**

La Regla 44.1 de Procedimiento Civil faculta a los tribunales a imponer el pago de una cuantía por concepto de honorarios de abogado en casos donde cualquiera de las partes o sus abogados hayan procedido con temeridad o frivolidad.[40] A falta de una definición de lo que constituye "*temeridad*", el Tribunal Supremo ha dispuesto que "*[l]a temeridad es una actitud que se proyecta sobre*

---

[37] 32 LPRA Ap. V, R. 4.7.
[38] *Rivera v. Jaume*, 157 DPR 562, 575-576 (2002).
[39] 32 LPRA Ap. V, R. 4.6 (a); *Íd.*
[40] 32 LPRA Ap. V, R. 44.1.

*el procedimiento y que afecta el buen funcionamiento y la administración de la justicia".*[41]

la Regla 44.1(d) de las de Procedimiento Civil,[42] dispone, en lo pertinente:

> "En caso de que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta…"

El propósito de este mecanismo es penalizar al que con su conducta ha obligado a la parte adversa en un litigio a incurrir en gastos.[43] En virtud de ello, nuestra doctrina busca disuadir la litigación y alentar las transacciones, mediante sanciones a la parte temeraria las cuales compensarán los perjuicios económicos y las molestias producto de su actuación, que sufre la otra parte.[44]

Cabe señalar, que la imposición de honorarios por temeridad descansa en la sana discreción de los tribunales.[45] Por tanto, una vez un tribunal de primera instancia determina que hubo temeridad, la imposición de honorarios es mandatoria.[46] De modo que, "[p]or ser la determinación de temeridad de índole discrecional, solo debemos de intervenir con ella cuando nos enfrentemos a un caso de abuso de discreción".[47]

-III-

Es la contención de la señora Figueroa que los Apelados se sometieron tácitamente a la jurisdicción del

---

[41] *Jarra Corp. v. Axxis Corp.*, 155 DPR 764, 779 (2001).
[42] 32 LPRA Ap. V, R. 44.1(d).
[43] *S.L.G. Flores-Jiménez v. Colberg,* 173 DPR 843, 866 (2008); *Rivera v. Tiendas Pitusa, Inc.,* 148 DPR 695, 702 (1999).
[44] *Insurance Co. of P.R. v. Tribunal Superior,* 100 DPR 405, 411 (1972).
[45] *Torres Montalvo v. Gobernador ELA*, 194 DPR 760, 778 (2016).
[46] *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 211 (2013).
[47] *Andamios de PR v. Newport Bonding*, 179 DPR 503, 546 (2010).

foro de instancia. Alega que estos llevaron a cabo actos sustanciales que conllevaron su sumisión, por lo que cualquier defecto en los emplazamientos y su diligenciamiento quedó subsanado.

Por otra parte, sostiene que su petición de reconsideración se sometió dentro del término que dispone la Regla 47 de Procedimiento Civil.[48] Por ello, sostiene que el tribunal apelado incidió al denegar su solicitud después de concluir que la moción fue presentada tardíamente. Veamos.

Como pudimos ver en la relación de hechos procesales, tanto los emplazamientos como su diligenciamiento son defectuosos. De los documentos que obran en autos, pudimos corroborar que los emplazamientos incluidos en el Apéndice del recurso contienen defectos que impiden su notificación adecuada.

Como si los anterior fuera poco, la Apelante no pudo notificar su reclamo dentro del plazo reglamentario de 120 días.[49] Como correctamente determinó el TPI, el término para emplazar caducó el 19 de diciembre de 2024. A este término el foro de instancia le sumó los ocho días que se demoró la Secretaría en expedir los emplazamientos. Por consiguiente, la señora Figueroa tenía hasta el 27 de diciembre de 2024, para notificar adecuadamente su reclamo a los Apelados.

En consecuencia, no erró el TPI al decidir desestimar el reclamo contra los codemandados que no se emplazaron dentro del término improrrogable de 120 días. La solicitud de emplazamiento por edicto que sometió la señora Figueroa a destiempo era improcedente.

---

[48] 32 LPRA Ap. V, R. 47.
[49] *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 649 (2018).

Por otro lado, su argumento de que la parte apelada se sometió voluntariamente a la jurisdicción del tribunal carece de fundamento en derecho y no amerita que dejemos sin efecto la *Sentencia Parcial* apelada. Nos explicamos.

Como muy bien expuso la señora Figueroa, para que la comparecencia de los Apelados sea considerada un acto sustancial que los constituya en parte del pleito, este debe ser concreto y específico, dirigido a dilucidar la reclamación incoada.[50] En este caso, los Apelados comparecieron sin someterse a la jurisdicción para impugnar únicamente las deficiencias en la gestión y diligenciamiento de los emplazamientos y, por ende, la falta de jurisdicción del foro primario. Esta acción en sí no constituye un acto sustancial que someta a los Apelados a la jurisdicción del TPI.[51]

Así pues, conforme a nuestro ordenamiento procesal, procede la desestimación de la *Demanda*, sin perjuicio, por ser el primer reclamo incoado por la señora Figueroa.[52]

En cuanto al cuestionamiento sobre la denegación de la moción de reconsideración por tardía, resolvemos que a la Apelante no le asiste la razón.

La señora Figueroa presentó oportunamente una primera petición de reconsideración el **10 de febrero de 2025**, que fue declarada no ha lugar por el TPI el **11 de febrero de 2025**. Al otro día, el **12 de febrero de 2025**, la Apelante sometió nuevamente la solicitud. A esta fecha, el término reglamentario de 15 días para presentar la reconsideración, contado desde la

---

[50] *Vázquez v. López*, 160 DPR 714, 721 (2003).
[51] *Bernier González v. Rodríguez Becerra*, supra, pág. 645.
[52] Regla 4.3 (c), *supra*.

notificación del dictamen el 27 de enero de 2025, había transcurrido.[53] En consecuencia, no erró el foro de instancia al denegar su solicitud por tardía.

-IV-

Por los fundamentos que anteceden se confirma la *Sentencia Parcial*. Conforme a la Regla 85 (B) del Reglamento del Tribunal de Apelaciones, se le impone a la Apelante una sanción de $500.00 en concepto de honorarios de abogado, por entender que la Apelante actuó con frivolidad en el trámite del pleito[54]

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*

---

[53] Regla 47 de Procedimiento Civil, *supra*.
[54] 4 LPRA Ap. XXII-B, R. 85 (B.)